655 So.2d 1164 (1995)
David McDONALD and Elizabeth McDonald, Appellants,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION; I.C.F. Kaiser Engineers, Inc., an Ohio Corporation, and Howard Needles Tammen & Bergendorf Architects & Engineers, Inc., a Florida Corporation, As a Joint Venture; Beiswenger, Hoch & Associates, Inc., a Florida Corporation; Post, Buckley, Schuh & Jernigan, Inc., a Florida Corporation; Harbert International, Inc., a Delaware Corporation, and Westbrook, Inc., a Colorado Corporation, As a Joint Venture; Bergeron Land Development, Inc., a Florida Corporation; Oscar H. Velez; Jam Transportation, Inc., a Florida Corporation; Jesus Martinez; Siboney Contracting Co., Inc., a Florida Corporation; and Florida Safety Equipment Co., Inc. D/B/a Florida Flashers, a Florida Corporation, Appellees.
Nos. 93-0602, 93-0859, 93-2253, 93-2790 and 93-2268.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Rehearings Denied June 29, 1995.
*1166 John Beranek of Macfarlane, Ausley, Ferguson & McMullen, Tallahassee, and Jon E. Krupnick of Krupnick, Campbell, Malone, Roselli, Buser & Slama, Fort Lauderdale, for appellants.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee-Beiswenger, Hoch & Associates, Inc.
James W. Dawson of Fazio, Dawson, DiSalvo, Cannon, Abers & Podrecca, Fort Lauderdale, for appellees-Florida Dept. of Transp., Harbert Intern., Inc. and Westbrook, Inc.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., and Earleen H. Cote of the Law Offices of Earleen H. Cote, Fort Lauderdale, for appellee-Siboney Contracting Co., Inc.
Neil Rose, North Bay Village, and Joel E. Bernstein of Bernstein & Chackman, Hollywood, for appellee-Florida Safety Equipment Co., d/b/a Florida Flashers.
Richard G. Daniels and Jannea S. Rogers of Daniels, Kashtan & Fornaris, P.A., Coral Gables, for appellee-Post, Buckley, Schuh & Jernigan, Inc.
GUNTHER, Judge.
The Court orders that the above-styled case numbers are consolidated for purposes of this opinion.
Appellants, David and Elizabeth McDonald, plaintiffs below (Plaintiffs), appeal the trial court's orders granting partial summary judgment in favor of certain appellees. We affirm the partial summary judgment entered in favor of appellee Siboney but reverse as to the other appellees because a genuine issue of material fact exists regarding causation.
Plaintiff David McDonald was seriously injured in an automobile accident while driving west on Interstate 595. The accident occurred when a dump truck carrying bedrock driven by Oscar Velez made an U-turn in the middle of the interstate highway in an attempt to enter an interstate construction site. Plaintiffs were travelling in a lane demarcated for general through traffic and as Velez attempted the U-turn into the construction site, the unavoidable collision occurred with the right rear side of Velez's truck impacting with the front left portion of the Plaintiffs' van.
Plaintiffs sued a total of thirteen different defendants including the Department of Transportation and various engineers associated with the interstate highway construction project. The appellees involved in the instant appeal are: Post Buckley Schuh and Jernigan Inc. (Post Buckley), a large engineering firm which was the supervising engineer with the responsibility of supervising actual construction and traffic management; Beiswenger, Hoch & Associates, Inc. (Beiswenger), an engineering firm that designed the "maintenance of traffic plan" calling for two safe routes into the construction site[1]; Florida Safety Equipment Co. Inc. d/b/a Florida Flashers (Florida Flashers), the company who contracted to provide the temporary barricades at the construction site; Harbert International, Inc. (Harbert), a joint venturer on the construction project who *1167 contracted directly with DOT; Westbrook Inc. (Westbrook), another joint venturer who contracted directly with DOT; Florida Department of Transportation (DOT), owner of the overall project, contracted separately with each of the various appellees; and Siboney Contracting Co. Inc. (Siboney), the truck broker allegedly brokering the dump truck involved in the accident.
Plaintiffs' basic theory of recovery contemplated that not only was the dump truck driver negligent, but DOT and all of its contractors had also been negligent in failing to properly route traffic through and around the construction site. Plaintiffs asserted that the various appellees had not properly designed and implemented the "maintenance of traffic plan" and had not properly supervised the traffic at the construction site. Although there were two "safe access" routes, the Plaintiffs contend that the appellees were negligent in allowing the construction trucks to ignore the "safe access" routes and, instead, to enter the site by making extremely dangerous U-turns. In support of this theory, Plaintiffs expert, Mr. Moore, opined in deposition that the "maintenance of traffic" plan could have been improperly designed and supervised. To support this contention, Moore testified that the "maintenance of traffic plan" was not designed large enough or extended far enough and that the entire design as well as traffic barricades should have continued for another thousand feet beyond the actual construction site. It was the alleged failure to extend the traffic barriers that enabled construction vehicles to execute the dangerous U-turn into the construction site.
Post Buckley moved for summary judgment, and the trial court granted the motion without stating any findings or conclusions in the order except that any act or omission by Post Buckley was not the proximate cause of the accident. Subsequently, the trial court granted Beiswenger's motion for partial summary judgment. This order, however, contained explicit conclusions and stated in pertinent part:
The facts as agreed by counsel at the hearing and as demonstrated in the record ... show there was safe access provided by both design and actual construction of the area in question so that the truck driven by Defendant OSCAR H. VELEZ could have entered the construction site without striking the vehicle operated by Plaintiff DAVID McDONALD.
The record demonstrates, and it is specifically found by this Court, that the highway and interstate design... provided at least two separate means for construction traffic to access the construction site in the vicinity without travelling in lanes designated for ordinary vehicular traffic ... The parties agree that VELEZ did not utilize either of these specifically delineated means of access to the construction site.
The facts and evidence agreed to by counsel for the parties and presented to the Court demonstrate that VELEZ was operating a vehicle westbound in the extreme left (southernmost) westbound lane of I-595 and then either merged or turned to the right immediately into or in front of Plaintiff who was westbound in the adjacent westbound through lane on I-595 on a portion of that roadway adjacent to construction activity. The alleged negligence of VELEZ in improperly operating his vehicle so as to cause it to collide with Plaintiff was not connected to the highway and interchange design for the area but rather was a simple act of negligence in the operation of that vehicle on or about two open through lanes of traffic on I-595.
Thus, the trial court, in entering the above order, determined that Velez was the sole proximate cause of the instant accident. Then, partial summary judgments were granted to Florida Flashers, Harbert, Westbrook and DOT utilizing the above factual finding that Velez's negligence was the sole proximate cause of Plaintiffs' injuries and was unrelated to the highway and interchange design.
Rule 1.510(c) of the Florida Rules of Civil Procedure governs the use of summary judgments. This rule mandates that a party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and obligates the trial court to draw every possible inference in favor of the party against whom a summary *1168 judgment is sought. Moore v. Morris, 475 So.2d 666 (Fla. 1985). If the evidence raises any issues of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by the jury. Id. at 668.
The primary issue involved in the instant case revolves around the intricacies of proximate cause. Proximate causation is usually a question for the jury and trial courts are free to take proximate cause from the jury only where the facts are unequivocal, such as where the evidence supports no more than a single reasonable inference. McCain v. Florida Power Corp., 593 So.2d 500, 504 (Fla. 1992). Generally, proximate cause means that the wrong of the defendant caused the damage claimed by the plaintiff. Fellows v. Citizens Fed. Sav. & Loan Ass'n of St. Lucie County, 383 So.2d 1140 (Fla. 4th DCA 1980). As such, for proximate cause to exist, there must be such a natural, direct and continuous sequence between the negligent act and the injury that it can reasonably be said that but for the act the injury would not have occurred. Jones v. Utica Mut. Ins. Co., 463 So.2d 1153 (Fla. 1985). Furthermore, two separate acts can be the proximate cause of the same injury. If an injury is caused by the concurring negligence of two or more parties, each of them is liable to the injured party to the same extent as though the injury had been caused by each party's negligence alone. Jackson v. Florida Weathermakers, 55 So.2d 575 (Fla. 1951). Moreover, an intervening act will absolve an original tortfeasor of liability only when it is independent of the original negligence and not set in motion by the original negligent act. Loomis v. Howell, 604 So.2d 1241 (Fla. 1st DCA 1992). If the alleged intervening cause is foreseeable, the original negligent actor may still be liable. Id.
Concerning the negligence of Velez, the evidence presented to the trial court established that the construction site had two safe access routes, that Velez was aware of the safe routes but failed to use either one and that the accident was the result of Velez making a radical right hand turn into the construction site from the southernmost lane in general traffic. However, the trial court was also presented with evidence from which it can be inferred that the various appellees were at least partially responsible for the instant accident. Plaintiffs' expert, Moore, opined that the "maintenance of traffic plan" along with the traffic barricades, should have continued for at least another one thousand feet from where the barricades actually ended. It reasonably follows that if this had been done, Velez would not have been able to enter, or attempt to enter, the construction site where the accident occurred. Thus, Moore's testimony raises a genuine factual dispute as to whether the various appellees, including Post Buckley, Beiswenger, Florida Flashers, Harbert, Westbrook and DOT, were negligent in constructing and maintaining the "maintenance of traffic plan," and whether this negligence was at least partially responsible for the instant accident.
Accordingly, Plaintiffs presented the trial court with conflicting evidence regarding whether the alleged negligence of Velez was related to the highway and interchange design for the construction site. Because the trial court was presented with this conflicting evidence, a genuine issue of material fact existed concerning whether the various appellees were the proximate cause of the instant accident. Therefore, except for Siboney, the summary judgments entered in favor of the various appellees finding Velez the sole proximate cause of the accident were inappropriate.
The partial summary judgment granted to Siboney presents a different situation. Plaintiffs' claim against Siboney sounded in vicarious liability and alleged that Siboney brokered the truck to Velez on the day of the accident. Record evidence demonstrated that Velez and a co-driver were not driving for Siboney on the day of the accident. On the day of the accident, Velez was hauling lime rock to the construction site. Siboney, however, had only contracted to haul fill to the site, not lime rock. Further, the corporate secretary of Siboney testified that there was no contract with Velez on the day of the accident. Moreover, another truck brokering company, TMA, had the *1169 original ticket showing payment to Velez's superior for the truck driven by Velez on the day of the accident. Accordingly, no genuine issue of material fact existed as to whether Velez was working for Siboney on the day of the accident. Thus, the trial court did not err in granting Siboney's motion for partial summary judgment.
Therefore, this case is affirmed in part, reversed in part and remanded with directions to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
HERSEY and WARNER, JJ., concur.
NOTES
[1] The direction of and separation of construction and non-construction traffic is known as "maintenance of traffic."