776 So.2d 304 (2000)
SCHOONER OAKS LIMITED CO., a Florida limited liability company, Appellant,
v.
SCHOONER OAKS CONDOMINIUM ASSOCIATION, INC., a Florida Not-for-Profit Corporation, Susan Pierson, Gloria Axelrod, Ellen Klee, Joyce Pati and Ken Ringe, members of the Board of Directors of Schooner Oaks Condominium Association, in their individual capacities, Appellees.
No. 4D00-25.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Rehearing Denied February 7, 2001.
Ira C. Hatch, Jr. of Hatch & Doty, P.A., Vero Beach, for appellant.
Anthony DiMatteo of Gaebe, Murphy, Mullen & Antonelli, West Palm Beach, for appellees.
PER CURIAM.
Schooner Oaks Limited Company ("Schooner Oaks") appeals the final summary judgments entered in favor of the *305 Schooner Oaks Condominium Association (the "Association") and the members of the Board of Directors of the Association in their individual capacity (the "BOD members"). Because genuine issues of material fact exist, we reverse and remand.
Schooner Oaks bought Schooner Oaks Condominium, a phase condominium, which ultimately consisted of four phases. When Schooner Oaks ceased making assessment payments on unconstructed units, the Association filed claims of lien on those units. In response, Schooner Oaks filed a complaint against the Association and the BOD members. Against the Association, Schooner Oaks sought declaratory relief as to whether Schooner Oaks was obligated to pay assessments on the unconstructed units and the return of the payments made on those unconstructed units. With regard to both the Association and the BOD members, Schooner Oaks alleged slander of title and tortious interference. The Association filed a motion for summary judgment, arguing the claims of lien were valid and that Schooner Oaks was required to pay assessments on unconstructed units. The trial court granted the motion. Thereafter, the BOD members filed a motion for summary judgment based on the trial court's ruling with regard to the Association's summary judgment motion, and the trial court granted it.
On appeal, Schooner Oaks argues the Declaration of Condominium (the "Declaration") makes clear that there is no obligation to pay assessments on raw, unimproved land. The Association and the BOD members argue it is clear from the Declaration that assessments are required to be paid on unconstructed units.
The Declaration provides that "[e]ach unit owner shall be liable for a proportionate share of the common expenses and shall be entitled to an undivided share of the common surplus." (emphasis added.) A "unit owner" is defined by the Declaration as "the owner of a condominium parcel." (emphasis added.) A "condominium parcel" is defined by the Declaration as "a unit, together with the undivided share in the common elements which is appurtenant to the unit." (emphasis added.) A "unit" is defined by the Declaration as "part of the condominium property which is subject to exclusive ownership. A unit may be in improvements, land or land and improvements together, as specified in the declaration of condominium." (emphasis added.) Therefore, whether assessments are to be paid on unconstructed units depends upon how "unit" is specified in the Declaration. See RIS Invest. Group, Inc. v. Department of Bus. & Prof'l Reg., 695 So.2d 357 (Fla. 4th DCA 1997); Welleby Condo. Assoc., Inc. v. The William Lyon Co., 522 So.2d 35 (Fla. 4th DCA 1987).
In section 3.6, entitled "Impact of Phasing," the Declaration provides that "the general scheme of phasing the Condominium is the submission of the parcel of property to condominium ownership." In addition, section 3.6 provides that "the adding of these subsequent phases to this Condominium, thereby adding additional Units, will reduce the percentage of Common elements attributable to each previously created Unit." A reasonable inference that can be drawn from this section of the Declaration is that units are created immediately upon a new phase being added rather than when construction is completed, and therefore, a unit can be unimproved land.
In contrast, section four provides in pertinent part,
4. UNIT BOUNDARIES

Each unit shall include that part of the unit, which boundaries are as follows:
4.1 Upper and Lower Boundaries

The upper and lower boundaries of the unit shall be the following boundaries extended to an intersection with the perimetrical boundaries:
4.1.1 Upper Boundary shall be the horizontal plane of the undecorated, finished ceiling.

*306 4.1.2 Lower Boundary shall be the horizontal plane of the undecorated, finished floor.
4.2 Perimetrical Boundaries

The perimetrical boundaries of the unit shall be the vertical plane of the undecorated and/or unfinished inner surfaces of the walls bounding the unit, extended to intersections with each other and with the upper and lower boundaries.
4.4 Balconies and Patios

A unit shall include, as indicated on Exhibit A and B, a balcony and/or patio....
Further, section nine refers to responsibilities of owners in maintaining their units, including windows, exterior doors, sliding glass doors, refrigerators, air conditioning, fans, etc., and section ten refers to who may occupy the unit and prohibits hanging of objects on exterior walls, doors, and windows of the unit, or from patios, sundecks, and balconies of the unit. These provisions do not support the conclusion that unimproved land is encompassed in the definition of "unit." Rather, these provisions lead to the reasonable inference that a unit must be actually constructed.
"A party moving for summary judgment must conclusively show the absence of any genuine issue of material fact and obligates the trial court to draw every reasonable inference in favor of the party against whom a summary judgment is sought." McDonald v. Fla. Dep't of Transp., 655 So.2d 1164, 1167-68 (Fla. 4th DCA 1995). "If the evidence raises any issues of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by the jury." Id.
In the present case, the evidence is conflicting and permits different reasonable inferences. As such, entering summary judgments was improper because genuine issues of material fact exist as to whether the Declaration requires payment of assessments on unimproved land. Accordingly, we reverse the summary judgments entered in favor of the Association and the BOD members and remand.
REVERSED AND REMANDED.
GUNTHER, STONE and FARMER, JJ., concur.