STEVENSON, J.
Joann M. Defelice sued appellees, the owners and operators of the Plantation Shopping Center, for negligent maintenance of a stop sign which allegedly contributed to her automobile accident with Lissette Echevarria. According to Defel-ice, the twisted stop sign resulted in Eche-varria’s failure to stop and the subsequent collision. The trial court entered final summary judgment in favor of the defendants. Because genuine issues of fact exist concerning causation, we reverse.
In support of their motion for summary judgment, the defendants presented the judge with Echevarria’s deposition testimony that (1) she was familiar with the shopping center, as she had worked there, and knew that there was a stop sign; (2) she saw the stop sign; (3) the stop sign looked straight to her and she had no difficulty seeing it; (4) she saw the “stop bar” painted on the road; (5) she stopped at the stop sign; and (6) it was only after she had passed the stop sign that she and Defelice collided. In opposition to the motion, among other things, Defelice filed the deposition testimony of Pat Ramsey, an eye witness to the accident. According to Ramsey, Echevarria did not stop at the stop sign.
First, Ramsey’s statement that Echevarria ran the stop sign tends to show that Echevarria did not actually see the stop sign, creating a factual issue regarding whether the stop sign’s condition of being twisted away from oncoming drivers was at least one cause of the accident. Second, Echevarria’s familiarity with the area, and her general knowledge that a stop sign is present at that intersection, does not logically preclude a finding that the twisted condition of the sign on the day in question contributed to the accident. Summary judgment may be granted only where the movant conclusively shows the absence of any genuine issue of material fact. See Schooner Oaks Ltd. v. Schooner Oaks Condo. Ass’n, 776 So.2d 304 (Fla. 4th DCA 2000); Smith v. Frontier Communications Int’l, Inc., 805 So.2d 975 (Fla. 2d DCA 2001). Consequently, we reverse the summary judgment and remand for further proceedings.
REVERSED and REMANDED.
GUNTHER and MAY, JJ., concur.