WARNER, J.
The insureds appeal a final summary judgment in favor of their insurance company upholding the insurer’s denial of cov *537 erage. The trial court determined that the insurance company was entitled to summary judgment because the insureds could not prove that the damage and loss occurred during the policy term. We conclude, however, taking all inferences from the facts most favorably to the insureds, that disputed issues of fact remain. We therefore reverse.
The insureds, the Vander Voorts, made arrangements to store their furniture between moving out of one home and moving into a new home. They hired Weston Moving & Storage to pick up their household belongings on July 6, 2009. Weston stored them in safekeeping until April 2010, when the Vander Voorts were ready to move into their new home. Anticipating their move into the new home, the Vander Voorts purchased homeowners insurance from Universal on March 15, 2010. That insurance provided coverage for damage and loss to home furnishings, but only for such damage and loss occurring within the policy period. The policy period ran from March 15, 2010, to March 15, 2011.
When Weston delivered the furniture to the Vander Voorts’ home on April 10, 2010, several pieces were missing and several others were damaged. The Vander Voorts filed a claim for damage and loss to home furnishings with Universal, which denied the claim. The company contended that the loss and damage did not occur during the policy period, as it could have occurred earlier than March 15, 2010. The Vander Voorts then filed suit for breach of contract.
During discovery, the depositions of the Vander Voorts, as well as the manager of Weston, Brian McGary, were taken. McGary explained that the company packed up the Vander Voort furnishings at their home in July 2009. Weston employees then drove them to the storage facility. The items were not unpacked, but rather, placed into three vaults. The vaults were stacked in the warehouse with a forklift. Without a forklift, the vaults were inaccessible. McGary carried the only key to the forklift. Upon returning the Vander Voorts’ property in April 2010, Weston removed the vaults from their storage place with the forklift. There were no signs that they had been tampered with, as the clips placed on the outside of the vault were still in place. On April 9, 2010, Weston loaded the furnishings onto two trucks. The trucks remained in an unsecured yard outside the warehouse overnight. McGary did not know if the trucks were locked.
Weston delivered the furnishings to the Vander Voort home on April 10, 2010. After observing damage to some of their property as well as noticing some items missing, the Vander Voorts called McGary. Both McGary and Garcia, the employee in charge of the move, went to the home and noticed damage to several pieces of furniture. Garcia maintained that he had not seen the damage when the pieces were loaded onto the truck the day before.
In their depositions, the Vander Voorts both testified that they did not know the exact date their furniture was lost or damaged. Both stated that they did not know if it occurred prior to March 15, 2010. Based upon this testimony, Universal moved for summary judgment on the ground that the insureds could not prove that the loss occurred during the policy period.
In opposition to the motion, the Vander Voorts filed several affidavits of Weston employees. First, Holbrook, the employee who packed and transported the furniture from the old Vander Voort home to the warehouse storage facility, attested that “[a]ll the items that were packed and moved from [the Vander Voorts’] home were put on the truck operated by me and were delivered to Weston’s warehouse *538 without any loss or damage, other than, I believe, a glass table which broke at the warehouse.” He placed all the items in vaults, where they remained untouched, to Holbrook’s knowledge. Holbrook stopped working for Weston several months later. Papke, the employee who removed the furnishings from the vault and packed them in the moving truck on April 9, 2010, also furnished an affidavit. Papke swore that he did not “recall any signs that the Vaults had been tampered with nor broken into, and had contained only the Vander Voorts’ goods.” He said he believed he would have recalled the kind of damage described to him by the manager had the goods been in such a condition while loading them onto the trucks. Finally, Garcia, who was in charge of the move, swore in his affidavit that only he and the manager, McGary, had access to the vault where the Vander Voorts’ furnishings had been stored, and no signs of tampering on the vault were evident. Moving the furnishings from the vault to the truck occurred without incident. The loaded truck, however, was parked in an unsecured area. In his final paragraph, Garcia stated that he did not believe that the furniture was damaged when it was loaded onto the truck, which he had told McGary.
Universal contended that the affidavits were insufficient to provide evidence of a disputed issue of fact, particularly in light of the testimony of the Vander Voorts that they did not know when the damage occurred. The trial court agreed and granted summary judgment. This appeal follows.
The standard of review for an order granting summary judgment is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). An appellate court must examine the record in the light most favorable to the non-moving party. Burton v. MDC PGA Plaza Corp., 78 So.3d 732, 733 (Fla. 4th DCA 2012).
Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. McCabe v. Fla. Power & Light Co., 68 So.3d 995, 997 (Fla. 4th DCA 2011). Summary judgment may be granted only where the facts are so crystallized that nothing remains but questions of law. Id. It is the moving party’s burden to conclusively prove the non-existence of a material fact. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). Further, the court must draw every possible inference arising from the evidence in favor of the nonmoving party. See Schooner Oaks Ltd. Co. v. Schooner Oaks Condo. Ass’n, Inc., 776 So.2d 304, 306 (Fla. 4th DCA 2000); Cont’l Concrete, Inc. v. Lakes at La Paz III Ltd. P’ship, 758 So.2d 1214, 1217 (Fla. 4th DCA 2000); McDonald v. Fla. Dep’t of Transp., 655 So.2d 1164, 1168 (Fla. 4th DCA 1995) (“If the evidence raises any issues of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by the jury.”).
In its brief, Universal contends that the insured has the burden of proving that the loss occurred within the policy period. Because the insureds could not determine when the loss occurred, they failed in meeting their burden. While it is certainly true that the insured must prove the essential elements of its cause of action at trial, on a motion for summary judgment, it is Universal’s burden to prove the nonexistence of a material fact. In this case, it was Universal’s burden to conclusively prove that the loss did not occur during the policy period. Taking all rea *539 sonable inferences from the evidence, Universal failed to carry its burden.
The affidavits of the Weston employees show that they picked up the Vander Voorts’ furniture on July 9, 2009 undamaged. They placed the furnishings in three vaults at the warehouse. The vaults were not opened or tampered with until the Vander Voorts asked Weston to return their furniture in April 2010. When the furniture was taken out of the vault on April 9, 2010, damage was not observed. Weston left the furniture unsecured in two trucks on the night of April 9th. When it was delivered the next day, pieces were damaged and some items, such as a TV and electronics, were missing.
Based on these facts, there is a reasonable inference that the property was damaged during the process of returning the goods to the Vander Voorts, which occurred during the policy period. The affidavits and testimony of the manager showed an unbroken chain of custody of the property in an undamaged condition until it was delivered to the Vander Voorts’ home within the policy period.
This case is similar to Murray v. Traxxas Corp., 78 So.3d 691 (Fla. 2d DCA 2012). In Murray, parents of a minor sued the manufacturer and distributor of a gas can for an explosion which injured their son. They claimed negligent design of the can, which had been discarded before suit was filed. The can apparently was designed for a particular type of fuel. The evidence showed that the gas can had been resting on a shelf in a shed owned by the child’s uncle for several years after its purchase and prior to the incident. On a motion for summary judgment by the manufacturer and distributor, the trial court concluded that the parents could not meet their burden, because they could not prove that the same fuel was in the can, as it had been stored in an unsecured facility with access by anyone.
The Second District disagreed, because the parents presented testimony showing circumstantial evidence that the can had not been tampered with. Testimony revealed that the uncle had purchased the can with the fuel in it, placed the can on the shelf in the shed two years prior to the incident, and had not used it since. The shed was generally locked when not in use. In concluding that disputed issues of fact remained because an inference was permitted that the fuel was the same as the uncle had purchased two years before, the court said:
On the defendants’ motion for summary judgment, the Murrays were entitled to that inference. The defendants presented no evidence that suggested otherwise, and speculation about what might have happened to the fuel if some unknown person had gained access to the locked shed was not a proper basis for a summary judgment. Cf. Carter v. Cessna Fin. Corp., 498 So.2d 1319, 1321 (Fla. 4th DCA 1986) (noting that “speculation, surmise and conjecture are inadmissible at trial and legally insufficient to create a disputed issue of fact” in a summary judgment proceeding).
The upshot of the court’s theory was that it failed to construe the evidence in the light most favorable to the Murrays, as it was required to do on the defendants’ motion for summary judgment .... Further, the court relieved the defendants of their burden to demonstrate through competent evidence the nonexistence of a material fact concerning the identity of the fuel in their can.
78 So.3d at 694-95 (additional citations omitted) (emphasis supplied).
Similar to Murray, there was evidence that the Vander Voorts’ furnishings were undamaged when delivered to the storage *540 facility, that no one entered or tampered with the vault at the storage facility, and that the goods were damaged upon returning the goods to the Vander Voorts. Thus, the Vander Voorts were entitled to the inference that the goods were damaged sometime between April 9, 2010, when they were removed from the vault, and April 10, when they were delivered to the Vander Voorts. As in Murray, the trial court failed to construe the evidence in a light most favorable to the non-moving party.
Universal also attacks the affidavits of the employees on the ground that they were based upon their “belief’ rather than knowledge. All three affidavits, however, were based upon the employees’ personal knowledge, because they participated in the moving of the furnishings. Florida Rule of Civil Procedure 1.510(e) requires affidavits to be made on personal knowledge and to set forth facts admissible in evidence. These affidavits complied with the rule.
Moreover, where the affidavits used the term “belief,” they did so in a manner that actually expresses personal knowledge. For example, Holbrook swore: “All the items that were packed and moved from their home were put on the truck operated by me and were delivered to Weston’s warehouse without any loss or damage, other than, I believe, a glass table which broke at the warehouse.” Here, Holbrook shows his personal knowledge that the items were packed and placed in vaults. The phrase, “other than, I believe, a glass table” reflects the level of his certainty, not his lack of personal knowledge. In addition, this affidavit was necessary to show only that the items were shipped and entered the storage facility vaults in good condition, not that a glass table was broken.
Likewise, Papke, who loaded the furniture from the vault into the truck, swore: “I do not recall any signs that the Vaults had been tampered with nor broken into.... I do not recall any unusual damage to their goods, and I believe that I would have recalled the kind of damages described to me by Brian McGary....” Again, this statement merely offers insight into the personal knowledge of Papke — an absence of any recollection of tampering and a belief that he would recall extensive damages described by the Vander Voorts. Papke’s affidavit also provides evidentiary support that the Vander Voorts’ items were safely stored at Weston’s facility.
Finally, Garcia’s affidavit also provides personal knowledge that the storage vaults had no signs of tampering. He was present when the furnishings were removed from the vault and loaded onto a truck parked outside. This testimony, as well as other corroborating statements from McGary, completes the chain that links the Vander Voorts’ loss to April 9, 2010, thereby raising a genuine issue of material fact that the loss occurred during the policy period.
Universal makes much of the fact that in Garcia’s affidavit, he crossed out “know” and added “believe” as follows: “I know do not believe that [the items] were not damaged that way when I they loaded them into the truck the night before. I told this to Mr. McGary.” This statement, however, does not show that his entire affidavit was based upon information or belief. Rather, the remainder of his affidavit shows the factual basis of his knowledge. Therefore, the affidavit was sufficient. See Myrick v. St. Catherine Laboure Manor, Inc., 529 So.2d 369, 371-72 (Fla. 1st DCA 1988) (affidavit is sufficient if it is clearly apparent from its face that it is made with personal knowledge of the facts to which the affiant is testifying). That he *541 stated he did not believe, rather than stating he did not “know,” reflects the level of certainty as to his memory. Taken in context, the phrase did not relieve the affidavit of personal knowledge. Cf. Farrington v. State, 884 So.2d 1094, 1097 (Fla. 4th DCA 2004) (equivocal identification in which witness stated he “believed” that the defendant was the suspect is admissible and it was for the jury to resolve its credibility). Finally, just as with the Hol-brook affidavit, even if we ignore the last statement, Garcia’s remaining statements, as well as the other affidavits, provide ample proof based upon personal knowledge of facts which show that a material issue of fact exists. Therefore, the affidavits were legally sufficient for purposes of opposing the summary judgment.
For the foregoing reasons, we reverse the final summary judgment and remand for further proceedings.
TAYLOR and CONNER, JJ, concur.