DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEANNINE LARA MAGUIRE-RESS,**
Appellant,

v.

**BRETT STETTNER,** individually, d/b/a **STETTNER INVESTMENT DIAMONDS,** and **STETTNER INDUSTRIES, INC.**
Appellees.

No. 4D18-2742

[April 17, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 50-2017-CA-005038-XXXX-MB/AH.

Eric A. Simon, Boca Raton, for appellant.

Thomas Regnier of Tom Regnier Appeals, P.A., Sunrise, for appellees.

LEVINE, J.

Appellee, a jewelry dealer, filed a replevin action seeking to recover sixteen items from appellant, his ex-girlfriend. The items included jewelry, decorative items, and other accessories valued by the ex-boyfriend at $200,000. The trial court granted summary judgment in favor of the ex-boyfriend, and the ex-girlfriend appealed raising several arguments. We find one of these arguments to have merit and reverse.

The parties began dating while the ex-girlfriend was in the midst of a divorce. The relationship eventually ended, and the ex-boyfriend filed a complaint to recover sixteen items from the ex-girlfriend that he claimed to have brought to the ex-girlfriend's home for her to use temporarily while they were dating. The items included a promise ring, pieces of art, fashion accessories, and jewelry. The ex-girlfriend claimed as a defense that the ex-boyfriend had in fact gifted her the items during the relationship. The ex-boyfriend responded that he never intended that the items be gifts.

The ex-boyfriend moved for summary judgment. In support of his motion, he cited the ex-girlfriend's deposition testimony from her divorce

case. During this deposition, the ex-girlfriend was asked about items she had received from the ex-boyfriend, who at the time was her new boyfriend:

> [Q]: And what items or personal property of Mr. Stettner's are in your house?
>
> . . . .
>
> [A]: There's an art piece that's like a crystal or a glass thing of a girl and a boy, there's a Tiffany ashtray, there's probably more like some art pieces.
>
> . . . .
>
> [Q]: Okay. Has he bought you gifts?
> [A]: I think.
> [Q]: Besides your ring.
> [A]: I think a bottle of perfume or something. Like little things like maybe perfume.

The ex-boyfriend contended that this deposition testimony contradicted the claim that the sixteen items were a gift by him and in fact demonstrated the ex-girlfriend's understanding that the items—including the glass sculpture, Tiffany ashtray, and art pieces—belonged to him and were not gifts. The ex-girlfriend maintains that the deposition testimony did not support summary judgment, as during the deposition she had merely minimized the number of gifts from the ex-boyfriend so as not to anger her husband at the time.

Our standard of review for an order granting summary judgment is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is proper if there is no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. *Id.* "Summary judgment may be granted only where the facts are so crystallized that nothing remains but questions of law." *Vander Voort v. Universal Prop. & Cas. Ins. Co.*, 127 So. 3d 536, 538 (Fla. 4th DCA 2012).

"The party moving for summary judgment must factually refute or disprove the affirmative defenses [to summary judgment] raised, or establish that the defenses are insufficient as a matter of law." *770 PPR, LLC v. TJCV Land Tr.*, 30 So. 3d 613, 618 (Fla. 4th DCA 2010). Here, we find that the ex-boyfriend failed to "factually refute or disprove" the ex-girlfriend's gift defense. *See id.* The elements of that defense are "(1)

2

present donative intent, (2) delivery, and (3) acceptance by donee." *Sullivan v. Am. Tel. & Tel. Co.*, 230 So. 2d 18, 20 (Fla. 4th DCA 1969).

The ex-boyfriend's own summary judgment evidence—the deposition testimony—left open an issue of material fact as to donative intent. Specifically, the ex-girlfriend's divorce deposition stated that he gave her some "little things." It is not clear that these "little things" do not include any of the items listed in the complaint for replevin. Because "little things" might be understood to include some or all of the sixteen items at issue, there remains an issue of material fact: whether the ex-boyfriend in fact gave those items to the ex-girlfriend as a gift.

Because a genuine issue of material fact remained, summary judgment was improper. *See Aberdeen at Ormond Beach,* 760 So. 2d at 130. As there remains a material issue of fact as to whether the items were a gift, we reverse for further proceedings consistent with this opinion.

*Reversed and remanded.*

WARNER and GROSS, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***