463 So.2d 479 (1985)
CITY OF TAMARAC and Adjustco, Appellants,
v.
Aris C. VARELLAN, Appellee.
No. AY-232.
District Court of Appeal of Florida, First District.
February 7, 1985.
Rehearing Denied March 1, 1985.
*480 H. George Kagan of Miller, Hodges & Kagan, Deerfield Beach, for appellants.
R. Cory Schnepper and Jay M. Levy of Hershoff & Levy, Miami, for appellee.
JOANOS, Judge.
Employer and carrier appeal from a workers' compensation order in which the deputy commissioner found that Varellan suffered a compensable injury when he allegedly contracted hepatitis-B virus during his police academy training while swimming in an algae ladened pool, and subsequently sustained another compensable injury when he received a blow to his abdomen, causing a contusion to his liver and aggravating his hepatitis. The deputy commissioner relied upon the testimony of Dr. Xenakis that the probable cause of Varellan's hepatitis, based upon the history given by Varellan that he had been swimming in a contaminated pool for several months, was the contaminated swimming pool, possibly mouth-to-mouth resuscitation, or other unknown causes. Dr. Xenakis had no idea when Varellen contracted hepatitis. He discussed the average incubation period of 50-180 days for hepatitis-B virus and stated that he had seen shorter incubation periods, the shortest period being 21 days, in cases of blood-borne hepatitis. Dr. Xenakis felt a blow to a swollen organ could be very damaging, but he could not say if the blow Varellan suffered affected his hepatitis.
Because there is no evidence that the pool in which Varellan swam was contaminated with hepatitis-B virus and because there is a lack of evidence that Varellan suffered more severe symptoms or an extended length of illness from the blow to his abdomen than he would have suffered otherwise, we find no competent, substantial evidence to support the deputy commissioner's findings.
In cases of an employee's suffering a disease or physical defect, as a result of a compensable accident, distinguished from external occurrences, the claimant must prove a causal connection by some clear evidence, rather than showing it was logical or by a preponderance of the probabilities it arose from the employment. Department of Corrections v. Lussier, 451 So.2d 968 (Fla. 1st DCA 1984). Varellan has failed to produce any clear evidence which shows a causal connection between his contracting hepatitis-B virus and his swimming in a pool which was not shown to have been contaminated.
Accordingly, the deputy commissioner's order is reversed.
MILLS and BARFIELD, JJ., concur.