HAZOURI, J.
 

 Scott Rubin sued Florida Atlantic University Board of Trustees (FAU) for injuries he sustained in a wrestling accident while participating in an FAU wrestling club practice on campus.
 

 In addition to FAU, Rubin also sued FAU’s wrestling club’s president, Jason Lindsey, alleging he was negligent in failing to inspect the equipment and correct a dangerous condition in the gymnasium where the practice took place, and negligently maintained the equipment by made-
 
 *1206
 
 quately taping or fastening the wrestling mats together. Rubin alleged the dangerous condition was the proximate cause of his injuries.
 

 After much discovery, Lindsey moved for summary judgment, asserting he was an agent of FAU and that the claim against him was barred by section 768.28(9)(a)
 
 [1]
 
 Florida Statutes (2008). Lindsey contended that as an agent of FAU, he was entitled to the sovereign immunity exemption of an employee or agent of the state university. The trial court granted the motion for summary judgment, determining there were no material issues of fact that would dispute that Lindsey was an agent of FAU and, therefore, could not be a named party and was entitled to immunity. FAU and Rubin both assert that the trial court erred and that there are genuine material issues of fact that are in dispute, thereby precluding summary judgment. We agree and reverse.
 

 “The standard of review of an order granting summary judgment is de novo.”
 
 Bender v. CareGivers of Am., Inc.,
 
 42 So.3d 893, 894 (Fla. 4th DCA 2010) (quoting
 
 Mobley v. Gilbert E. Hirschberg, P.A.,
 
 915 So.2d 217, 218 (Fla. 4th DCA 2005)). Summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c).
 

 When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action. Rather, the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, “the nonexistence of a genuine issue of a material fact.” If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.
 

 Bender,
 
 42 So.3d at 894 (quoting
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004)).
 

 Our review of the record reveals that there are genuine issues of material fact as to whether an agency relationship existed between FAU and Lindsey that should be resolved by the trier of fact. We, therefore, reverse the entry of summary judgment in favor of Lindsey and remand for further proceedings.
 

 Reversed and Remanded for FuHher Proceedings.
 

 STEVENSON and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Section 768.28(9)(a), Florida Statutes, provides:
 

 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.