GERBER, J.
 

 In this negligence case, the plaintiffs appeal from the circuit court’s order granting the defendant’s motion for summary-judgment. We reverse because the circuit court misplaced the burden of proof in granting the motion.
 

 The plaintiffs alleged that then* son was exposed to unsanitary conditions while swimming in a community pool which the defendant maintained. The plaintiffs further alleged that, as a result of the defendant’s negligence, their son suffered personal injuries.
 

 The defendant’s motion for summary judgment alleged, in pertinent part, that “the Plaintiffs have produced no credible evidence, nor does any such evidence exist, which would entitle them to relief. With regards to the Plaintiffs’ claim that the Defendant failed to maintain the community swimming pool ... the Plaintiffs have failed to produce evidence showing that the minor Plaintiffs injuries were the direct and proximate result of the minor Plaintiffs contact with the allegedly contaminated community pool.” The defendant later characterized its motion as a “No Evidence Motion for Summary Judgment.”
 

 In opposition to the motion, the plaintiffs first filed the affidavit of a toxicologist. The toxicologist opined that, as a result of the plaintiffs’ son ingesting water at the community pool, the son contracted a virus which caused the son’s injui'ies.
 

 The defendant moved to strike the toxicologist’s affidavit. The defendant argued that the toxicologist was not qualified to render opinions on infectious diseases or theories related to the causation of infectious diseases such as the virus at issue. The defendant also argued that the statements in the toxicologist’s affidavit wei*e conclusory and without proof. The circuit court granted the motion to strike.
 

 The plaintiffs then opposed the motion for summary judgment by filing the affidavit of an infectious disease physician. Like the toxicologist, the infectious disease physician opined that, as a result of the plaintiffs’ son ingesting water at the community pool, the son contracted a virus which caused the son’s injuries.
 

 The circuit court granted the motion for summary judgment. In its order, the court held, in pertinent part, “Plaintiffs claims are based on stacking of inference upon inference. It would not have been enough factual evidence to go to the jury. And at this point none has been developed, and no outstanding discovery is proffered to the Court.” The court further commented that the infectious disease physician’s affidavit was based on the stacking of inferences, such as the physician’s statements that the plaintiffs son “may have” contracted the virus from ingestion of the swimming pool water, and that the virus was “the most likely cause” of the son’s injuries. The court also found that
 
 City of Tamarac v. Varellan,
 
 463 So.2d 479 (Fla. 1st DCA 1985), was “directly on point and dictates the holding in the current case.”
 

 After the court entered a final judgment in the defendant’s favor, the plaintiffs filed this appeal. Our review is de novo.
 
 Fla. Atl. Univ. Bd. of Trs. v. Lindsey,
 
 50 So.3d 1205, 1206 (Fla. 4th DCA 2010) (“‘The standard of review of an order granting summary judgment is de novo.’ ”) (citation omitted).
 

 We find that the circuit court misplaced the burden of proof in granting the motion for summary judgment. As we stated in
 
 Lindsey:
 

 
 *285
 
 When a defendant moves for summary judgment,
 
 the court is not called upon to determine whether the plaintiff can actually prove his cause of action.
 
 Rather, the court’s function is solely to determine whether the record conclusively shows that
 
 the moving party proved a negative,
 
 that is, “the nonexistence of a genuine issue of a material fact.”
 

 Id.
 
 (citation omitted; emphasis added).
 

 Here, the defendant’s motion for summary judgment requested the court to determine that the plaintiffs could not prove their cause of action.. The court, in turn, found that the plaintiffs had not produced enough evidence to prove their cause of action. Such a finding ultimately may be proper upon a motion for directed verdict at trial.
 
 See Brundage v. Bank of Am.,
 
 996 So.2d 877, 881 (Fla. 4th DCA 2008) (a directed verdict is properly entered when the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case on the non-moving party’s claim). However, such a finding is not proper upon a motion for summary judgment.
 
 See Lindsey,
 
 50 So.3d at 1206.
 

 The case upon which the circuit court relied,
 
 City of Tamarac,
 
 is factually on point, but procedurally distinguishable. There, a claimant sought worker’s compensation benefits on the ground that he allegedly contracted the hepatitis-B virus while swimming in an algae-laden pool during a work-related duty. The case went to a final hearing, akin to a trial. The claimant’s expert testified that the probable cause of the hepatitis was the pool, possibly mouth-to-mouth resuscitation, or other unknown causes. Relying on the expert’s testimony, the hearing officer found that the claimant suffered a compensable injury.
 

 The first district reversed. The court found there was no evidence that the pool was contaminated with the hepatitis-B virus. Based on that finding, the court held that the claimant failed to produce any competent, substantial evidence which showed a causal connection between his swimming in a pool which was not shown to have been contaminated and his contracting the hepatitis-B virus.
 
 City of Tamarac,
 
 463 So.2d at 480.
 

 City of Tamarac
 
 is procedurally distinguishable. The first district based its findings upon its review of what effectively was a trial. The court clearly articulated that the claimant had the burden of proof. On a motion for summary judgment, however, the defendant has the burden of proof.
 
 Lindsey,
 
 50 So.3d at 1206.
 

 We find that the more applicable case, if not the controlling case, is our supreme court’s opinion in
 
 Visingardi v. Tirone,
 
 193 So.2d 601 (Fla.1966). There, the plaintiff alleged that the defendant’s negligent medical treatment of his wife resulted in her death. After extensive discovery, the defendants moved for summary judgment and filed affidavits in support thereof. In general, these affidavits, merely asserted that the defendants acted in accordance with accepted standards of the community. In opposition, the plaintiff filed a doctor’s affidavit listing the defendants’ alleged negligent acts and opining that those acts proximately caused the wife’s injuries, leading to her death. The defendants moved to strike the affidavit on the ground that it failed to 'set forth sufficient facts that would be admissible at trial. The circuit court granted the motion to strike and then entered summary judgment for the defendants.
 

 On appeal, the plaintiff argued that the doctor’s affidavit affirmatively demonstrated the defendants’ negligence. The third district affirmed.
 
 Visingardi v. Tirone,
 
 
 *286
 
 178 So.2d 135 (Fla. 3d DCA 1965). The third disti'ict held that the doctor’s affidavit was properly stricken as failing to contain sufficient allegations that would have been admissible at the time of trial.
 

 On petition for writ of certiorari, the supreme court quashed the third district’s decision. We quote the supreme court’s reasoning at length because of its remarkable similarity to the instant case:
 

 The basic error in ... the instant case consisted of the failure of the lower courts to distinguish adequately between the plaintiffs burden at the trial and that which he bore as the party opposing a motion for summary judgment.... [T]he lower courts appeared to proceed as though the movant’s burden in the latter circumstance were something less than to show conclusively that no material issues remained for trial. The result, of course, was to place upon the opposing party a heavier burden of showing such triable issues than the rule either requires or allows to be placed upon him.
 

 [[Image here]]
 

 ... In other words, the burden of a party moving for summary judgment is greater, not less, than that of the plaintiff at the trial. The plaintiff may prevail on the basis of a mere preponderance of the evidence. However, the party moving for summary judgment must show conclusively that no material issues remain for trial.
 

 ... [T]he same erroneous view concerning the burden of the party opposing a motion for summary judgment also seemed to infect the district court’s af-firmance of the striking of [the doctor’s] affidavit herein.... [T]he specific defect which rendered [the doctor’s] affidavit insufficient in the district court’s view was its failure to establish causal relation between the injury and the negligence alleged. We hold, to the contrary, that to strike an affidavit filed in opposition to a motion for summary judgment pursuant to such reasoning as this is to place a burden on the opposing party that is not justified by the summary judgment rule.
 

 Rule 1.36, F.R.C.P., 30 F.S.A., requires, inter alia, that affidavits filed either in support of or in opposition to a motion for summary judgment ‘shall set forth such facts as would be admissible in evidence... .’t
 
 [1]
 
 ] It does not require the opposing party — usually the plaintiff, in negligence actions — to make out his whole case before his affidavit is admissible. In the instant case, [the doctor’s] affidavit set out a number of acts of negligence allegedly chargeable to these defendants. Insofar as the facts set out in the affidavit were not inadmissible as falling outside the bounds of the allegations contained in the complaint, or on ground of being privileged, hearsay, or the like, they certainly constituted ‘such facts as would be admissible in evidence.’ Moreover, to the extent that the facts so alleged revealed material issues remaining for trial, the doctor’s affidavit should have been sufficient to preclude summary judgment.
 

 At the trial, to be sure, the plaintiff herein would have the burden of proving, not only the acts of negligence, but their causal relationship with the injury alleged. However, unless the record that is considered on motion for summary judgment otherwise shows an absence of such causal relationship, the plaintiff, who is opposing the motion, is under no obligation to put in evidence showing such causal relationship. In
 
 *287
 
 other words, causal relationship, as any other material issue, should be considered a triable issue that will preclude summary judgment until it is conclusively shown, by affidavit or other permissible evidence, that no causal relationship exists and trial of it is no longer required. Of course, if the negligent acts alleged are shown to be so obviously unrelated to the injury that the court can so hold as a matter of law, there could obviously be no recovery, and summary judgment in favor of the defendant would be proper.
 

 [[Image here]]
 

 This confusion of the plaintiff’s burden at trial with his burden as the party opposing a motion for summary judgment is revealed very clearly in the [defendant doctor’s] Brief.... Thus, he states the following as the applicable law of summary judgment:
 

 ‘On defendant’s motion for summary judgment the plaintiff must come forward with sufficient, substantial, competent, evidentiary support for each and every fact which he must establish in order to prevail. If it appears that he has not, and that a directed verdict would be justified were the case at trial, the trial court must grant summary judgment in favor of the defendant.’
 

 And again ... [the defendant doctor] relates,
 

 ‘In an attempt to meet his burden to show by expert testimony that defendant had departed from the requisite standard of care, and that this departure proximately caused ... [the decedent’s] death therefrom, plaintiff filed the affidavit in question.’
 

 Both passages correctly state the burden of the plaintiff at trial; both are inaccurate as to his burden as the party opposing a motion for summary judgment.
 

 In his Brief on the Merits, [the defendant doctor] also- cites the authority of cases ... in support of his position that plaintiffs affidavit should be stricken as failing to show causal relationship between the negligence alleged and the injury suffered. However, inspection of the cited opinions shows that none is apposite here. In every instance, the decision relates to the failure of the plaintiff to sustain his burden at trial, not in opposition to a motion for summary judgment.
 

 193 So.2d at 603-05 (internal citations omitted).
 

 Visingardi
 
 is procedurally indistinguishable from the instant case. Here, the circuit court’s decision relates to what would be the failure of the plaintiffs to sustain their burden at trial, not in opposition to a motion for summary judgment. However, under the current state of the law, a motion for summary judgment cannot be used as a pre-trial motion for directed verdict. We are compelled to reverse.
 

 Reversed.
 

 GROSS, C.J., and TAYLOR, J., concur.
 

 [1]
 

 . This phrase now is included in Florida Rule of Civil Procedure 1.510(e) (2009).