CIKLIN, J.
The appellant, William O’Malley (“O’Malley”), brought a complaint against the Appellee, Ranger Construction Industries, Inc. (“Ranger”), for negligence and failure to warn after O’Malley was involved in a single-vehicle accident on a portion of Interstate 95 that Ranger was contracted to resurface. The trial court granted Ranger’s motion for summary judgment, agreeing with Ranger that O’Malley’s theory of liability required the impermissible stacking of inferences. We find O’Malley’s case does not involve the stacking of inferences and we reverse the summary final judgment.
The trial court had the following evidence before it when ruling on the motion for summary judgment. The accident occurred at dusk on a three-lane portion of Interstate 95. At the time of the accident, it was raining and had been raining most of the day. O’Malley could not remember any details of the accident. The only witness to the accident, another driver, testified in a deposition that he was driving in the far right lane and saw O’Malley traveling in the far left passing lane at a rate of speed the witness believed to be unsafe for *1055 the inclement weather conditions. Seconds later, the witness saw O’Malley’s vehicle flying sideways through the air in front of the witness’s vehicle. The witness testified there was a thin sheet of water on the road, but he did not see any standing water. He clarified on cross-examination that he did not remember whether there were any puddles on the road. O’Malley’s vehicle came to rest in the grass next to the far right lane.
Within minutes of the accident, a state trooper arrived at the scene of the accident. O’Malley was taken to the hospital, and the trooper was not able to speak to him. In a deposition, the trooper testified that there was standing water in the middle of the far left lane. He believed O’Malley was driving in excess of the speed limit. The trooper prepared a traffic crash report and accompanying diagram which both suggested that O’Malley lost control of the vehicle upon contact with the standing water.
Up until the point of the accident, Ranger had not performed any work on the middle and far left lanes but had, in fact, resurfaced the far right lane. Ranger’s expert opined that Ranger did not do anything that changed the flow of water from the outside (far right) shoulder to the inside (far left) shoulder. The expert could not say with certainty what caused O’Mal-ley to lose control of his vehicle.
According to O’Malley’s expert, based on a review of the contract specifications and daily work reports, Ranger failed to immediately remove the standing water as required by the contract, failed to provide adequate drainage, and was responsible for creating a hazardous condition.
The court found that a jury could not reach a verdict for O’Malley without im-permissibly stacking three inferences, 1) that there was a puddle or area of standing water in the far left lane at the time of the accident, 2) that O’Malley’s vehicle came into contact with it, and 3) that this contact caused the accident. The court found no direct evidence supported any of the inferences, and that each inference did not exclude other reasonable inferences. The court also found that Ranger’s theory of causation — that O’Malley’s speed and use of cruise control in the rain caused the accident — was as reasonable as O’Malley’s theory of causation.
“The applicable standard of review on orders granting summary judgment is de novo. Summary judgment is appropriate only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Additionally, all inferences must be made in favor of the non-moving party.” Cohen v. Arvin, 878 So.2d 403, 405 (Fla. 4th DCA 2004) (citations omitted). “A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.” Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (citation omitted). Further, “ ‘summary judgments should be cautiously granted in negligence eases,’ especially where ... comparative fault questions exist .... ” Gibbs v. Hernandez, 810 So.2d 1034, 1038 (Fla. 4th DCA 2002) (citations omitted). However, summary judgment may be granted based on impermissible inference stacking. Cohen, 878 So.2d at 405.
The rule relied on by Ranger and the trial court is stated in Nielsen v. City of Sarasota, 117 So.2d 731 (Fla.1960):
[I]n a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it *1056 cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.
Id. at 733. There is an important exception to this rule. When a predicate inference is the only reasonable inference that can be made from the evidence, it is no longer an inference but is deemed an established fact. Voelker v. Combined Ins. Co. of Am., 73 So.2d 403, 407 (Fla.1954). “Another way of expressing the Voelker exception has been to say that an inference may be admissible into evidence, even though it is based upon another inference, if the other inference has been shown to exist beyond a reasonable doubt.” Benson v. State, 526 So.2d 948, 953 (Fla. 2d DCA 1988) (citation omitted).
There is no stacking of inferences here requiring application of these rules. Ranger has taken what is essentially one inference — that the standing water caused the accident — and attempted to stretch it out into multiple inferences. Where there is only one inference relating to causation, the non-movant to the motion for summary judgment does not have to establish that the sole inference is the only reasonable inference. Petruska v. Smartparks-Silver Springs, Inc., 914 So.2d 502, 505-06 (Fla. 5th DCA 2005). Further, summary judgment should not be granted based on a non-movant’s failure to meet its trial burden of proof on the issue of causation. Le v. Lighthouse Assocs., Inc., 57 So.3d 283, 286-87 (Fla. 4th DCA 2011) (citation omitted) (holding that where a summary judgment movant did not establish an absence of a causal relationship between the negligent acts and the damages, the trial court erroneously shifted the burden of proof to the non-movant when it found the plaintiff did not put forward sufficient evidence of causation). Because the trial court erred in basing its entry of summary judgment on inapplicable inference stacking rules, we reverse.

Reversed and remanded for further proceedings.

STEVENSON and LEVINE, JJ., concur.