DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A.,**
Appellant,

v.

**SHAUNA BILECKI** and **SCOTT BILECKI,**
Appellees.

Nos. 4D14-1015 & 15-67

[May 18, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato, Judge; L.T. Case No. CACE 09-011290.

Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellant.

John P. Seiler of Seiler Sautter Zaden Rimes & Wahlbrink, Fort Lauderdale, and Darin J. Lentner and Mark C. Hillis of Foreclosure Fighters Law Center, Fort Lauderdale, for appellees.

LEVINE, J.

The issue presented in this foreclosure case is whether the bank was required to prove, in opposition to a motion for summary judgment, that it complied with conditions precedent where the homeowners did not produce timely, competent evidence in support of their motion for summary judgment. In other words, the issue is who has the burden to prove the absence of any genuine issue of fact when moving for summary judgment. We find that the trial court improperly placed the burden of proof on the bank to produce evidence in opposition to the motion for summary judgment when it properly rested with the homeowners, as movants. As such, we reverse the final judgment in favor of the homeowners as well as the order awarding attorney's fees.[1]

In February 2009, Wells Fargo Bank, N.A., filed a foreclosure complaint against Shauna and Scott Bilecki. The Bileckis filed an answer and

---

[1] We sua sponte consolidate these appeals for all purposes.

affirmative defenses, denying that all conditions precedent had been performed. Specifically, the Bileckis alleged that Wells Fargo failed to provide notice as required by paragraph 22 of the mortgage because they never received the default letter. With respect to notice, the mortgage provided:

> Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers.

The Bileckis moved for summary judgment. In their motion, the Bileckis argued that because they raised failure to perform conditions precedent as an affirmative defense, Wells Fargo had the burden of proving it performed the conditions precedent prior to acceleration. The Bileckis attached a copy of the default letter to their motion. The letter, dated December 14, 2008, was addressed to Shauna Bilecki.

On March 20, 2013, Wells Fargo served an affidavit in support of its own motion for summary judgment. In the affidavit, a vice president of loan documentation for Wells Fargo stated that Wells Fargo's business records contained a notice of default and intent to accelerate which was sent to the address provided by the Bileckis. The affidavit was filed on March 21, 2013.

On March 20, 2013, the Bileckis served an affidavit in opposition to Wells Fargo's motion for summary judgment. In the affidavit, Scott Bilecki stated that he never received any pre-acceleration or pre-foreclosure notice letter from Wells Fargo.

The court held an initial summary judgment hearing on the Bileckis' motion on March 22, 2013. Thereafter, the trial court continued the hearing four times. At issue during the continued hearings was the date Wells Fargo served and filed its affidavit. The Bileckis argued that the affidavit did not comply with Florida Rule of Civil Procedure 1.510(c) because it was served less than five days prior to the hearing. The trial court ultimately granted summary judgment in favor of the Bileckis. Wells Fargo moved for rehearing, arguing that the trial court improperly shifted the burden to Wells Fargo to produce an affidavit. The trial court confirmed its ruling and entered final summary judgment. Following entry of summary judgment, the trial court entered an order awarding the Bileckis attorney's fees and costs. From these orders, Wells Fargo appeals.

"The standard of review of the entry of summary judgment is *de novo*." *Craven v. TRG-Boynton Beach, Ltd.*, 925 So. 2d 476, 479 (Fla. 4th DCA 2006). "The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Id.* at 479-80. Significant to the instant case, "[o]nly where the movant tenders competent evidence in support of his motion does the burden shift to the other party to come forward with opposing evidence." *Id.* at 480.

As the party moving for summary judgment, the Bileckis had the burden of demonstrating that no genuine issue of material fact existed. *Id.* They did not meet their burden. The Bileckis did not submit any timely, competent evidence in support of their motion. Although they served Scott Bilecki's affidavit, it was served in opposition to Wells Fargo's motion for summary judgment, not in support of their own motion. Additionally, the affidavit was not served until March 20, 2013—two days before the summary judgment hearing. Moreover, the affidavit was insufficient to meet the Bileckis' burden. The affidavit stated only that Scott did not receive the demand letter. It did not address whether Shauna received the demand letter. This is significant because the default letter was addressed only to Shauna, as permitted by the mortgage. Further, the mortgage required only that the default letter be sent by first class mail; it did not require that the default letter be received unless "if sent by other means" than first-class mail.

*Le v. Lighthouse Associates, Inc.*, 57 So. 3d 283 (Fla. 4th DCA 2011), is instructive. In that case, the plaintiffs alleged that the defendant's negligence in failing to maintain a community swimming pool resulted in injuries to their son, who contracted a virus. The defendant's motion for summary judgment alleged that the plaintiffs did not produce any credible evidence which would entitle them to relief. The plaintiffs produced an affidavit of an infectious disease physician, who opined that the son contracted a virus after ingesting pool water. The trial court granted summary judgment in favor of the defendant, finding that the plaintiffs' affidavit was based on the stacking of inferences, and that the plaintiffs had not produced enough evidence to prove their cause of action. This court reversed, finding that the trial court misplaced the burden of proof to the non-movant in granting the motion for summary judgment.

Like in *Le*, in the instant case the trial court misplaced the burden of proof on Wells Fargo. As the moving party, the Bileckis had the burden to conclusively show the absence of any genuine issue of material fact. The trial court entered summary judgment in favor of the Bileckis after the

Bileckis argued that Wells Fargo did not serve its affidavit in opposition to summary judgment more than five days prior to the hearing. By agreeing with the Bileckis, the trial court inappropriately placed the burden on Wells Fargo to produce evidence in opposition to the motion. Because the Bileckis did not produce timely, competent evidence in support of their motion, the burden should have never shifted to Wells Fargo. *Craven*, 925 So. 2d at 480.

Finally, we note that although Wells Fargo was not required to serve an affidavit in opposition to the motion for summary judgment until the Bileckis met their initial burden, the trial court also erred in finding that Wells Fargo's affidavit was not timely served. Although the affidavit may have been untimely as to the initial summary judgment hearing, it was timely as to the subsequent continued hearings. *See Rodriguez v. Tri-Square Constr., Inc.*, 635 So. 2d 125 (Fla. 3d DCA 1994).

In sum, the trial court erred in placing the burden on Wells Fargo to produce evidence in opposition to the Bileckis' motion for summary judgment, where the Bileckis failed to meet their initial burden and thereby shift the burden of proof to Wells Fargo. As such, we reverse the final summary judgment in favor of the Bileckis. Because the trial court erred in granting summary judgment in favor of the Bileckis, we also reverse the order awarding the Bileckis attorney's fees.

*Reversed and remanded.*

DAMOORGIAN, J., and HANZMAN, MICHAEL A., Associate Judge, concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

4