DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERRI ANN CAPOTOSTO,**
Appellant,

v.

**FIFTH THIRD BANK,** an Ohio banking corporation,
Appellee.

No. 4D16-4197

[November 22, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. CACE14014431/21.

Gerri Ann Capotosto, Pompano Beach, pro se.

Stacey S. Fisher of Sprechman & Fisher, P.A., Miami, for appellee.

PER CURIAM.

The defendant, Gerri Ann Capotosto, timely appeals a final summary judgment awarding the plaintiff, Fifth Third Bank, $57,691.57 in damages for the defendant's breach of a promissory note. We affirm the entry of summary judgment in favor of the plaintiff, but remand for the trial court to correct the amount of the judgment.

The plaintiff sued the defendant for breach of a promissory note executed in connection with a car loan. The defendant filed an Answer and Affirmative Defenses, claiming primarily that the alleged debt had been satisfied and that the plaintiff lacked standing.

The plaintiff moved for summary judgment, filed an affidavit in support of summary judgment, and later filed affidavits as to interest, costs, and attorney's fees. The defendant filed an unsworn response in opposition to summary judgment, but did not file any affidavits.

The trial court entered a final summary judgment awarding the plaintiff $57,691.57 in damages, broken down as follows:

|                        |              |
|------------------------|--------------|
| Principal:             | $ 19,562.79  |
| Costs:                 | $    620.25  |
| Pre-Accrued Interest:  | $ 13,289.83  |
| Interest:              | $ 22,818.70  |
| Attorney's Fees:       | $  2,000.00  |
|                        |              |
| Total                  | $ 57,691.57  |

The sum of the figures in the final judgment is $58,291.57, not $57,691.57. According to the initial brief, the final summary judgment was "later amended to $58,291.51."[1] However, there is no amended final summary judgment in the record on appeal.

The defendant now argues that there are triable issues of fact and that summary judgment was granted in error. According to the defendant, one such issue of fact concerns the amount of damages awarded to the plaintiff.[2]

The standard of review of an order granting summary judgment is de novo. *Fla. Atl. Univ. Bd. of Trustees v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010).

A movant is entitled to summary judgment "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." *Albelo v. S. Bell*, 682 So. 2d 1126, 1129 (Fla. 4th DCA 1996). However, once the movant's initial burden is satisfied, "the opposing party must come forward with counterevidence sufficient to reveal a genuine issue." *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979).

A litigant cannot avoid summary judgment by merely asserting a fact without any evidence to support it. *Nat'l Airlines v. Fla. Equip. Co. of Miami*, 71 So. 2d 741, 744 (Fla. 1954). Nor may a defendant raise an unpled affirmative defense as a basis for resisting a motion for summary

---

[1] It is unclear if the defendant meant to say "$58,291.57" or if the alleged amendment really states "58,291.51."

[2] The defendant also appears to argue that the plaintiff wrongfully repossessed her vehicle and that the alleged losses she suffered as a result should offset the plaintiff's damages, but she never pleaded that defense in her answer.

judgment.  *Accurate Metal Finishing Corp. v. Carmel*, 254 So. 2d 556, 557 (Fla. 3d DCA 1971).

Here, we find that the record evidence established—without genuine issue of material fact—that the defendant defaulted on the promissory note, that the plaintiff owned the loan, and that the defendant owed the plaintiff damages consisting of $19,562.79 in principal and $22,818.70 in total interest, together with attorney's fees and costs.  The defendant did not come forward with any counterevidence to the plaintiff's summary judgment evidence.  Therefore, we affirm the entry of summary judgment in favor of the plaintiff.

On remand, however, we instruct the trial court to eliminate the "Pre-Accrued Interest" of $13,289.83 from the damages award.  This specific figure was not supported by any record evidence.  The plaintiff's Affidavit of Interest Calculation stated that the "Total Interest" was $22,818.70, and stated nothing about a separate figure for Pre-Accrued Interest.  Further, on remand, the trial court should ensure that the total damages award is a correct reflection of the sum of the specific damages figures.

*Affirmed, but remanded for correction of the judgment.*

WARNER, GROSS and TAYLOR, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**

3