DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRANDY T. OLIVER,**
Appellant,

v.

**WINN-DIXIE STORES, INC.,**
Appellee.

No. 4D19-291

[February 19, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. CACE-17-021976.

Robin F. Hazel of Hazel Law, P.A., Hollywood, for appellant.

Wesley L. Catri of Catri, Holton, Kessler & Kessler, P.A., Fort Lauderdale, for appellee.

KUNTZ, J.

Appellant Brandy Oliver sued Appellee Winn-Dixie Stores, Inc. after she fell and injured herself on a substance on the floor at a Winn-Dixie store. Winn-Dixie moved for summary judgment, arguing that there was "a complete absence of any evidence that Winn-Dixie had actual or constructive knowledge of the existence of any liquid on the floor." The circuit court granted the motion, and we affirm.

*Background*

In her lawsuit, Oliver alleged that she fell on a liquid substance on the floor at a Winn-Dixie store and that Winn-Dixie had actual or constructive knowledge of the dangerous condition.

The summary judgment evidence included depositions of Oliver, Oliver's daughter, and a customer who witnessed Oliver fall. Winn-Dixie also filed affidavits of its customer service manager and the employee who last passed by the incident area.

Oliver testified that she slipped into a "half-split" on the floor. She stated that she saw nothing on the floor before falling, did not know how the substance got there, and did not know how long it had been there. But when she stood up, she noticed a "clear, dirty liquid on the floor" that had "some sort of red speck or purple speck" in it and looked like it was "smeared on the ground." She photographed the liquid, later determined to be a squished grape.

Oliver's daughter testified that she did not see her mother fall because she was in a different area of the store. While she had passed by the incident area, she could not remember if there was liquid on the floor, and she did not notice the liquid until Oliver pointed it out to her after the fall. There were no cart tracks or footprints in the liquid, but there was a slip mark.

The customer testified that he witnessed the fall. He stated that he saw a "very small" substance "that might have been the cause" of the fall. Like Oliver's daughter, the customer did not see any footprints or cart tracks running through the liquid. He also testified that he was standing in the same area before the fall but did not remember seeing the substance.

The employee stated in an affidavit that Winn-Dixie trained him "to always be on the lookout" for hazardous conditions and "immediately address" them. On the night of the incident, the employee was placing items on shelves and "passed over" the incident area four times between 6:54 P.M. and 7:10 P.M. A surveillance camera captured video of the area, and the employee attached four still photographs to his affidavit showing him in the area of Oliver's fall during that time.

In his affidavit, the employee specifically identified himself in time-stamped photographs from the surveillance camera as "the person shown in that picture in the red shirt." He stated in four separate paragraphs that at 6:54 P.M., 7:01 P.M., 7:03 P.M., and 7:10 P.M., he "passed over the area where Ms. Oliver eventually fell and observed the floor to be clean, dry and free of any debris. There was not a red grape or any liquid on the floor when [he] passed by at that time."

After Oliver fell at 7:23 P.M., the employee was called to the area by the manager. At that time, he observed the squished grape and liquid with only "one slip mark" through the liquid. He also testified that "[t]here were no other footprints or cart tracks in the area."

Finally, the manager stated in her affidavit that she responded to the location of the fall about two minutes after Oliver fell. She observed a

2

squished grape that "appeared to have been stepped on" and "a small amount" of clear liquid in the area, with "one slip mark" leading to the grape. Consistent with the other witnesses' testimony, the manager stated that "there were no cart tracks or footprints in the area," and the manager did not know how long the grape was on the floor or how it got there.

In response to the summary judgment motion, Oliver attached her deposition transcript. She argued summary judgment was inappropriate because there were remaining issues of fact about whether the liquid was on the floor long enough to impute constructive knowledge of the substance to Winn-Dixie.

The court held a hearing on Winn-Dixie's motion and, without elaborating, granted the motion.

*Analysis*

We review the circuit court's summary judgment order de novo. *See Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000); *see also O'Malley v. Ranger Constr. Indus., Inc.*, 133 So. 3d 1053, 1055 (Fla. 4th DCA 2014) ("A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." (quoting *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985))).

To prevail on its summary judgment motion, Winn-Dixie had to establish there was no genuine issue of material fact on one or more of the elements of Oliver's claim. *See Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017). A premises liability claim is a "negligence claim with the added elements of possession/control of the premises, and notice of the dangerous condition." *Bechtel Corp. v. Batchelor*, 250 So. 3d 187, 200 (Fla. 3d DCA 2018) (citing *Lisanti v. City of Port Richey*, 787 So. 2d 36, 37 (Fla. 2d DCA 2001)). So Winn-Dixie had to show there was no genuine issue of material fact about one of the following: (i) its duty to Oliver; (ii) whether it breached the duty; (iii) whether there was a causal connection between its breach and Oliver's fall; (iv) Oliver's damages; (v) that it lacked control of the premises; or (vi) that it did not have constructive notice of the grape or surrounding liquid on the floor. *See id.*; *Lago*, 233 So. 3d at 1250.

Only one element is relevant here: whether Winn-Dixie had constructive knowledge about the grape or surrounding liquid.[1] A prior

---

[1] Oliver conceded in the circuit court that there is no evidence that Winn-Dixie had actual knowledge of the grape or surrounding liquid.

version of the statute governing premises liability specifically provided that "[a]ctual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim." Ch. 2002-285, § 1, Laws of Fla. (enacting § 768.0710, Fla. Stat. (2002)); *see* ch. 2010-8, § 2, Laws of Fla. (repealing § 768.0710, Fla. Stat.). But when it enacted section 768.0755, Florida Statutes (2010)—the current premises liability statute that governs this case—the legislature modified the duty owed by a business to an invitee injured by a transitory substance. *Lago*, 233 So. 3d at 1250. Section 768.0755 specifically places the burden on the plaintiff to prove that the business establishment had constructive knowledge of the hazard. *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 424 (Fla. 4th DCA 2014); § 768.0755(1), Fla. Stat. ("[T]he injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. . . .").

Oliver argues the court incorrectly placed the burden on her to prove Winn-Dixie had constructive knowledge of the dangerous substance on the floor. She is correct that at the summary judgment stage of the proceeding, she did not have to prove that Winn-Dixie had constructive knowledge of the substance. *See Fla. Atl. Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010) ("When a defendant moves for summary judgment, the court is not called upon to determine whether the plaintiff can actually prove his cause of action." (quoting *Bender v. CareGivers of Am., Inc.*, 42 So. 3d 893, 894 (Fla. 4th DCA 2010))).

But if Winn-Dixie satisfied its summary judgment burden of showing that there were no disputed factual issues about its constructive knowledge, the burden shifted to Oliver to "come forward with counterevidence sufficient to reveal a genuine issue." *See Capotosto v. Fifth Third Bank*, 230 So. 3d 891, 892 (Fla. 4th DCA 2017) (quoting *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979)).

Winn-Dixie satisfied that burden. "Constructive notice may be inferred from either: (1) the amount of time a substance has been on the floor; or (2) the fact that the condition occurred with such frequency that the owner should have known of its existence." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011) (citing *Schaap v. Publix Supermarkets, Inc.*, 579 So. 2d 831, 834 (Fla. 1st DCA 1991)); *see also* § 768.0755(1)(a)–(b), Fla. Stat.

Winn-Dixie trained the employee to "always be on the lookout" for liquid on the floor and to "immediately address" hazardous conditions. And during each of the four times he passed by the incident area, he

affirmatively "observed the floor to be clean, dry and free of any debris" and affirmatively attested that "[t]here was not a red grape or any liquid on the floor."

Oliver argues the surveillance video creates a material issue because it does not show exactly where the employee was looking when he passed by the incident area. The surveillance video is not in the record on appeal, but it appears to be undisputed that the video is not clear enough to determine exactly where someone was looking. That does not create a material issue of fact. Instead, it leaves the employee's affidavit as the only evidence about what he looked at when he inspected the area.

Oliver did not see the grape or surrounding liquid before falling. Neither did the customer who happened to be shopping in the area when Oliver fell, nor did Oliver's daughter who had been in the same area. Nor did the employee who passed by the area four times in the thirty-minute period before Oliver fell.

There was also no testimony of wheel tracks through the liquid as existed in *Cisneros v. Costco Wholesale Corp.*, 754 So. 2d 819, 820 (Fla. 3d DCA 2000). In fact, the testimony showed that no wheel tracks were present. This hardly "establish[es] that the 'dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant.'" *See Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1012 (11th Cir. 2019) (quoting *Grimes v. Family Dollar Stores of Fla., Inc.*, 194 So. 3d 424, 427–28 (Fla. 3d DCA 2016)).

No facts suggest the grape and surrounding liquid were on the ground for enough time to impute constructive knowledge to Winn-Dixie. Without those facts, Winn-Dixie was entitled to summary judgment. *See, e.g.*, *Palavicini*, 787 F. App'x at 1013 ("Palavicini has provided no additional facts that would support constructive notice. Rather, the facts indicate that the liquid was not on the floor for a long period of time prior to the incident." (footnote omitted)); *Lago*, 233 So. 3d at 1252 ("Without additional facts suggesting the liquid had been there for a long period of time or this happened regularly, the trial court properly granted summary judgment . . . ."); *Delgado*, 65 So. 3d at 1090 ("In fact, all the facts regarding the spill suggest that it was not on the floor for a long period of time prior to Delgado's slip and fall." (citations omitted)).[2]

---

[2] Oliver also argues summary judgment was not appropriate because she was entitled to additional discovery. We reject this argument without comment.

*Conclusion*

The circuit court's final summary judgment is affirmed.

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**