943 So.2d 963 (2006)
Mark LINDSEY and Laurie Ann Lindsey, Appellants,
v.
BELL SOUTH TELECOMMUNICATIONS, INC., Hennessy Industries, Inc., and Liberty Mutual Fire Insurance Company, Appellees.
No. 4D05-4277.
District Court of Appeal of Florida, Fourth District.
December 6, 2006.
*964 Robert Garven, Coral Springs, for appellants.
Wendy F. Lumish and Cristina Alonso of Carlton Fields, P.A., Miami, for Appellee-Hennessy Industries, Inc.
LEWIS, TERRY P., Associate Judge.
This is an appeal of a final summary judgment entered in favor of the Appellee Hennessy Industries, Inc. ("Hennessy"), the manufacturer of a tire changing machine. The appellants claim that the machine was defective and that the defect was a legal cause of injury to appellant Mark Lindsey. Because there were disputed issues of material fact, we hold that the trial court erred in entering summary judgment.
In his work as a vehicle mechanic, Mark Lindsey used a tire changing machine manufactured by the appellee. The machine worked by using a rim clamp to dismount the tire from the rim as the machine rotated the tire. It was supposed to be able to handle tires with a rim diameter of up to 20 inches.
However, Lindsey had problems using the machine on 19 inch or 19.5 inch tires. Specifically, the machine did not have the power to break the bead on those tires and roll the tire off the rim. The machine would just turn the wheel a few inches and stop. The appellant discovered that by inserting a tire iron in the spoke of the tire to help it along, he could get the machine to rotate and remove the tire from the rim. Lindsey's employer had received complaints from other employees about the difficulty of changing 19 and 19.5 inch tires with the machine, and had received reports that some assistance was needed to help the machine along. The employer did not know of any other employees using a tire iron for this purpose, but he was aware of a vendor doing so.
On May 7, 2001, Lindsey was using the bar to help the tire along when the bar slipped and he almost fell over. He felt a stabbing pain in his low back, filled out a report with his employer and then went to the hospital. He was diagnosed with a herniated disk at L4-5 and L5-S1 and required a laminectomy at two levels. The appellants assert that it was a jury question as to whether this injury was caused by the negligent design or manufacture of the machine. We agree.
A trial court order granting summary judgment is reviewed de novo. St. Fort v. Post, Buckley, Schuh & Jernigan, 902 So.2d 244, 248 (Fla. 4th DCA 2005). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court *965 must draw every possible inference in favor of the party against whom summary judgment is sought. Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). Movants for summary judgment in a negligence case face an especially high burden. See St. Fort, 902 So.2d at 248; Deese v. McKinnonville Hunting Club, Inc., 874 So.2d 1282, 1286 (Fla. 1st DCA 2004).
Hennessy argues that summary judgment was proper for two reasons: (1) appellants presented no record evidence that the product was defective when it was sold; (2) assuming the product was defective, the record evidence established that the injury was not caused by the defect, but was solely attributable to Lindsey's misuse or modification of the machine via the tire iron.
As to the first point, there was clearly record evidence to support a conclusion that the machine was defective, i.e., that it would not perform as represented. Hennessy argues, however, that such malfunction could be attributable to a number of factors other than negligent design or manufacture of the product, including improper use of the machine, improper maintenance, or simply worn out parts. That is true, but it misses the point. It was Hennessy's burden, in moving for summary judgment, to conclusively show from the record evidence that the product was not defective. The record evidence did not show conclusively that the defect in the product at the time of injury, as described by the appellant, was not present when it left the control of the manufacturer, and was attributable to some other factor.
Nor can we agree that the record evidence shows conclusively that any negligence on the part of the appellant, i.e., misuse or modification of the product, was the sole legal cause of his injury. Proximate causation consists of both cause in fact and foreseeability. Deese, 874 So.2d at 1287. As the Florida Supreme Court has explained:
The issue of proximate cause is generally a question of fact concerned with "whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." McCain, 593 So.2d at 502; see also Florida Power & Light Co. v. Periera, 705 So.2d 1359, 1361 (Fla. 1998). This Court has stated that "harm is `proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." McCain, 593 So.2d at 503.
Goldberg v. Fla. Power & Light Co., 899 So.2d 1105, 1116 (Fla.2005). "[O]ne who is negligent is not absolved of liability when his conduct `sets in motion' a chain of events resulting in injury to the plaintiff." Gibson v. Avis Rent-A-Car Sys., Inc., 386 So.2d 520, 522 (Fla.1980) (quoting Sardell v. Malanio, 202 So.2d 746, 747 (Fla.1967)).
Hennessy argues that Lindsey's action in using the metal bar to help the tire along was an intervening cause of the injury. "A negligent actor . . . is not liable for damages suffered by an injured party `when some separate force or action is the active and efficient intervening cause' of the injury." Goldberg, 899 So.2d at 1116 (quoting Gibson, 386 So.2d at 522). It is only when an intervening cause is completely independent of, and not in any way set in motion by, the tortfeasor's negligence, however, that the intervening cause will relieve a tortfeasor from liability. Deese, 874 So.2d at 1282.
The key question is one of foreseeability. As the Florida Supreme Court in Goldberg stated:
The proper question is whether the individual's conduct is "so unusual, extraordinary or bizarre (i.e., so `unforeseeable') *966 that the policy of the law will relieve the [defendant] of any liability for negligently creating this dangerous situation." Salas, 511 So.2d at 547.
899 So.2d at 1116.
The circumstances under which a court may resolve proximate cause as a matter of law are extremely limited. St. Fort, 902 So.2d at 250. If reasonable people could differ as to whether the facts establish proximate causation (i.e., whether the specific injury was genuinely foreseeable or an improbable freak occurrence), the issue must be left to the fact finder. Goldberg, 899 So.2d at 1116; St. Fort, 902 So.2d at 250.
This is not one of those rare cases where only one reasonable inference is possible. A jury could easily find that Lindsey's actions were set in motion by Hennessy's negligence and were not any sort of bizarre or freakish reaction to the stalling of the machine.
Accordingly, the final summary judgment is reversed and the case remanded for further proceedings consistent with this opinion.
Reversed and Remanded.
GUNTHER and SHAHOOD, JJ., concur.