STEVENSON, J.
 

 This case stems from a summary judgment entered in favor of Marjorie Johnson, one of the defendants involved in a multiple-car rear-end collision. The driver of the leading car, Mary S. Tolan, and her son, Danny Garza, filed negligence suits against the driver of each of the cars behind them, i.e., Johnson, the driver of the car immediately behind Tolan; Coviello, the driver of the car behind Johnson; and Jaworski, the driver of the car behind Coviello. Johnson, the driver of the car immediately behind Tolan, asserted that the undisputed evidence established she brought her car to a stop behind Tolan and was then herself rear-ended and pushed into Tolan, and, thus, there was no negligence on her part that was a cause of the accident. Because there was record evidence that Johnson was negligent in placing her car abruptly between the Tolan and Coviello vehicles immediately prior to impact, we reverse the summary judgment entered in her favor.
 

 Summary judgment is proper only where “[t]he facts ... [are] ‘so crystallized that nothing remains but questions of law’ ” and, in ruling on a motion for summary judgment, “ ‘the court must draw every possible inference in favor of the non-moving party.’ ”
 
 Cohen v. Cooper,
 
 20 So.3d 453, 455 (Fla. 4th DCA 2009) (quoting
 
 Moore v. Morris,
 
 475 So.2d 666, 668 (Fla.1985), and
 
 Edwards v. Simon,
 
 961 So.2d 973, 974 (Fla. 4th DCA 2007)). It is true that the deposition testimony was to the effect that Johnson was able to stop her car behind Tolan, Coviello was able to stop his car behind Johnson, and, when Jaworski rear-ended Coviello, Coviello struck Johnson and pushed her into Tolan. It is also true, however, that the deposition testimony supports an inference that, while driving through an intersection, Johnson changed lanes right in front of Coviello and then suddenly stopped short, causing Coviello to slam on his brakes and stop short such that he was only six to twelve inches from Johnson’s car. The evidence offered in support of summary judgment thus failed to demonstrate that there was no negligence on the part of Johnson that was a cause of the accident
 
 *75
 
 or that the presumption of negligence attaching to Jaworski, as the rear driver, was unrebutted.
 
 Cf. McCloud v. Swanson,
 
 681 So.2d 898, 900 (Fla. 4th DCA 1996) (finding “[a] reasonable inference” from the evidence was that “the [lead driver] defendant overtook the [rear driver] plaintiffs vehicle, quickly pulled into the lane in front of her, and then came to a sudden stop” and that such evidence precluded the entry of a directed verdict, based on the rear-end presumption, in favor of the defendant lead driver).
 

 Reversed and Remanded.
 

 GROSS, C.J., and FARMER, J., concur.