EHRLICH, MERRILEE, Associate Judge.
 

 David McCabe (“Plaintiff’) appeals from a final summary judgment in favor of Florida Power and Light (“FPL”) in a negligence action where liability was stipulated to and where Plaintiff sought damages from FPL which allegedly resulted from a fire caused by a power line that fell on Plaintiffs house. We hold that: (1) the circuit court erred in granting final summary judgment, as the amount of damages is a fact still in dispute; and (2) the insurer’s and FIGA’s (the Florida Insurance Guaranty Association) satisfaction and releases do not bind Plaintiff even if FPL may be entitled to a collateral source set-off at some future point in the proceedings. We reverse and remand for the reasons expressed below.
 

 Plaintiff received the policy limits from his homeowner’s insurer and FIGA for his losses, as well as an additional $15,000 from FPL, totaling $296,900. He never signed a full release in favor of his insurance company, FIGA, or FPL for the loss. In this action, Plaintiff sought over $600,000 in itemized damages, executed an affidavit, and gave a deposition with regard thereto.
 

 FPL moved for summary judgment, arguing that Plaintiffs claim was barred by release, accord and satisfaction because: (1) it entered into settlement agreements with Plaintiffs insurer and FIGA, who subrogated Plaintiffs rights under the homeowner’s insurance policy and made claims to FPL for reimbursement of all claims paid to Plaintiff; (2) the insurer and FIGA substituted themselves in the place of Plaintiff and as subrogees for Plaintiff, both executing release agreements accepting these amounts in full satisfaction of their respective claims; and (3) Plaintiff received $297,000 for all damages related to the fire.
 

 Plaintiff opposed the motion, argued that the amount of damages are in dispute, and delineated the specific amount of damages being claimed, which differed substantially from the payments he received to date, and filed an affidavit with a delineated list in support thereof. FPL conceded, at the hearing, that not all of the items delineated by Plaintiff were damages already addressed by FPL. Further, Plaintiff challenged FPL’s stance that the insurer and FIGA stood in his shoes, as subro-gees, for all purposes, thus ending his claim for additional damages because the insurer and FIGA entered into a release, accord and satisfaction with FPL in the fire incident.
 

 The circuit court granted FPL’s motion for summary judgment. First, the circuit court reasoned that Plaintiff was paid for his claims prior to filing this action. Second, the circuit court stated that when the insurer and FIGA subrogated the rights of Plaintiff to recover monies paid out by them to Plaintiff from FPL, and upon receipt of such reimbursement executed release, accord and satisfaction, they stood in Plaintiffs shoes for that, as well. Finally, the circuit court found that Plaintiffs claim
 
 *997
 
 is the same as that already paid to him and if there are any additional damages not previously contemplated by the prior payments and settlements, they arise out of the same fire and are specifically covered by the releases entered into by Plaintiffs “subrogees.” Plaintiff filed a motion for rehearing, which was denied. This appeal followed.
 

 Orders granting summary judgment are reviewed de novo.
 
 Fla. Atl. Univ. Bd. of Trs. v. Lindsey,
 
 50 So.3d 1205, 1206 (Fla. 4th DCA 2010).
 

 A summary judgment can be affirmed only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.
 
 Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). “If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.”
 
 Lindsey,
 
 50 So.3d at 1206. Summary judgment is proper only where the facts are “so crystallized” that nothing remains but questions of law.
 
 Tolan v. Coviello,
 
 50 So.3d 73, 74 (Fla. 4th DCA 2010). We conclude that the circuit court erred in granting final summary judgment, as the amount of damages was clearly a factual issue still in dispute.
 

 In addition, the insurer’s and FIGA’s satisfaction and releases do not bind Plaintiff even if FPL may be entitled to a collateral source set-off at some future point in the proceedings. An insurer and successor in interest may subrogate to the rights of its insured but subrogation “is not available to an extent greater than the amount paid by the insurer, and then only after the insured has been fully indemnified.”
 
 DeCespedes v. Prudence Mut. Cas. Co. of Chi., Ill.,
 
 193 So.2d 224, 227 (Fla. 3d DCA 1966),
 
 cert. denied,
 
 202 So.2d 561 (Fla.1967).[T]hey may execute a release, accord and satisfaction for themselves but not for their insured. Such is not binding on the insured. In the case at bar, damage claims may be in excess of policy limits, or such claims may fall outside of the purview of the insurance policy or otherwise. FPL’s negotiation with and reimbursement of the insurer and FIGA, and securing a release and satisfaction from them, is an agreement separate and apart from any additional damages dispute stemming from the fire incident between Plaintiff and FPL.
 

 For the reasons expressed above, we reverse and remand to the circuit court for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 WARNER and POLEN, JJ., concur.