CIKLIN, J.
Julissa DeLeon, the plaintiff below, appeals from the trial court’s entry of summary judgment in favor of Dollar Tree Stores, Inc., the defendant below. De-Leon sued Dollar Tree for injuries she suffered when she tripped over a shopping basket which was on the floor behind her in a checkout line. She accused Dollar Tree of negligence in failing to keep the store reasonably safe and failing to warn her about the shopping basket. Upon reviewing the record, we find that genuine issues of material fact existed, and we therefore reverse the trial court’s entry of summary judgment against DeLeon.
Because this is an appeal of a summary judgment, we recite the facts in the light most favorable to DeLeon, the non-moving party. See Burton v. MDC PGA Plaza Corp., 78 So.3d 732, 733 (Fla. 4th DCA 2012) (“When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.” (quotation marks and citation omitted)). Shopping after work, DeLeon went to a Dollar Tree store to purchase a few items. She approached the one open checkout line where two customers were ahead of her. The person at the front of the line was causing a delay because she was using coupons. At some point while DeLeon waited in line, a woman who was talking on a cell phone got in line behind her. Eventually a neighboring register opened up and the cashier at that register pointed to DeLeon and told her to come to the newly opened register. At first DeLeon declined and stayed in line, but the new cashier insisted, so DeLeon gathered her items, turned to walk to the neighboring register, and tripped over a shopping basket that was on the floor behind her. DeLeon fell on the floor and injured herself.
DeLeon did not recall who put the shopping basket on the floor behind her or if it was already there when she first entered the line. The floor was not wet or slippery.
An assistant manager and two other employees were working at the Dollar Tree store during the evening of the incident. It was the employees’ duty to ensure that the store was kept clean and clear of obstacles on the floor. However, it was so busy that evening that the assistant manager found it necessary to operate a register for approximately fifteen minutes. Another employee was on break when the accident occurred. Consequently, the store was not checked for obstacles for at least a half an hour.
One of the cashiers stated in deposition that she was responsible for patrolling the store for discarded items, including shopping baskets on the floor. Customers were apt to leave their shopping baskets on the floor when they were in the checkout line.
After reviewing the deposition testimony and documentary evidence submitted, the trial court granted Dollar Tree’s motion for summary judgment and entered a subsequent final judgment, from which De-Leon appeals.
“The standard of review of an order granting summary judgment is de novo.” Corpa v. Sanders, 76 So.3d 31, 33 (Fla. 4th DCA 2011). Further, “[a] summary judgment can be affirmed only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.” McCabe v. Fla. Power & Light Co., 68 So.3d 995, 997 (Fla. 4th DCA 2011).
*98 Summary judgment may only be granted when the facts are “so crystallized” that nothing remains but questions of law. Id. This court has cautioned that “[mjovants for summary judgment in a negligence case face an especially high burden.” Lindsey v. Bell S. Telecomms., Inc., 943 So.2d 963, 965 (Fla. 4th DCA 2006); see also St. Fort v. Post, Buckley, Schuh & Jemigan, 902 So.2d 244, 248 (Fla. 4th DCA 2005) (“The movant for summary judgment in a negligence case has the heavy burden of showing unequivocally that there was no negligence.” (quotation marks and citation omitted)).
Dollar Tree’s “constructive notice of a dangerous condition may be inferred from either 1) the amount of time a substance has been on the floor, or 2) the fact that the condition occurred with such frequency that the owner should have known of its existence.” Thompson v. Poinciana Place Condo. Ass’n, 729 So.2d 457, 458 (Fla. 4th DCA 1999) (citation and quotation marks omitted). There was no evidence presented as to how long the shopping basket had been on the floor. However, one of Dollar Tree’s cashiers testified in deposition that one of her job responsibilities was seeking out errant shopping baskets and returning them to their rightful place. She admitted that it was common for customers to place their shopping baskets on the floor in the checkout line. She stated that on multiple prior occasions she had warned customers about shopping baskets left on the floor. Therefore, a jury could reasonably conclude that Dollar Tree had constructive notice of the shopping basket based on its occurring with such frequency that the owner should have known of its existence.
Dollar Tree relies heavily on its argument that summary judgment was appropriate because DeLeon was aware that the shopping basket was present on the ground when she tripped over it. We find, however, that the record reveals this to be a disputed point. And even if the record revealed conclusively that DeLeon was aware of the shopping basket behind her when she tripped, Dollar Tree’s argument would be without merit. See Fenster v. Publix Supermarkets, Inc., 785 So.2d 737, 739 (Fla. 4th DCA 2001) (“A plaintiffs knowledge of a dangerous condition does not negate a defendant’s potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment.”).
In sum, the record in this case reveals genuine issues of material fact as to whether Dollar Tree negligently failed to keep its premises reasonably safe for De-Leon, and if so, whether DeLeon’s injuries were a result of such negligence. We therefore reverse the summary judgment in favor of Dollar Tree.

Reversed and remanded for further proceedings.

STEVENSON and TAYLOR, JJ., concur.