DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CATHY SUKER** and **JOHNNY SUKER,**
Appellants,

v.

**WHITE FAMILY LIMITED PARTNERSHIP** and **PSL DONUTS, LLC,**
Appellees.

No. 4D15-1350

[ June 8, 2016 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. Midelis, Judge; L.T. Case No. 562013CA003123.

William T. Viergever of Sonneborn Rutter & Cooney, P.A., West Palm Beach, for appellant.

Joan Carlos Wizel, Amir Ghaeenzadeh and Shaun Robert Koby of Lydecker Diaz, Miami, for Appellee PSL Donuts, LLC.

PER CURIAM.

This appeal stems from a slip and fall accident that occurred in front of a Dunkin Donuts operated by defendant PSL Donuts, LLC. The plaintiffs, Cathy and Johnny Suker, appeal the final summary judgment entered in favor of the defendant.[1] The trial court granted summary judgment based on Section 768.0755, Florida Statutes (2013), finding that the plaintiffs failed to present any genuine issues of material fact as to whether the defendant knew or should have known of the dangerous conditions or that the dangerous conditions occurred with regularity and were therefore foreseeable. We reverse.

"A trial court's entry of a final summary judgment is reviewed *de novo*." *Burton v. MDC PGA Plaza Corp.,* 78 So.3d 732, 733 (Fla. 4th DCA 2012). "In reviewing a summary judgment, [the court] must consider all record evidence in a light most favorable to the non-moving party. If material facts are at issue and the slightest doubt exists, summary judgment must

---

[1] The plaintiffs do not appeal the summary judgment entered in favor of White Family Limited Partnership.

be reversed." *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 910 (Fla. 4th DCA 2013) (alteration in original) (quoting *Mills v. State Farm Mut. Auto. Ins. Co.*, 27 So. 3d 95, 96 (Fla. 1st DCA 2009)).

In this case, where plaintiffs filed the depositions of three witnesses, including the deposition of an employee of the defendant, that tended to show the defendant's actual or constructive knowledge of the dangerous conditions that existed at the tiled entrance to the establishment when the tile was wet, we conclude that genuine issues of material fact remained and that the trial court erred in granting summary judgment for the defendant. We also find the defendant's alternative arguments for affirming the summary judgment to be unpersuasive.

Accordingly, we reverse and remand for further proceedings.

*Reversed and Remanded.*

CIKLIN, C.J., TAYLOR and MAY, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2