KLINGENSMITH, J.
Marcos Padilla appeals from a final summary judgment in favor of June Schwartz finding that his negligence caused the car accident from which this case arose. The court concluded that no genuine issue of material fact existed since Padilla failed to rebut the rebuttable presumption of negligence which, under Florida law, attaches to the rear driver in a rear-end collision. After careful review of the facts of this case, we reverse.
We review the trial court’s decision to grant summary judgment de novo. E.g., Ergas v. Universal Prop. & Cas. Ins. Co., 114 So.3d 286, 288 (Fla. 4th DCA 2013) (stating that the standard of review for an order granting summary judgment is de novo). “A party moving for summary, judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom summary, judgment is sought.” Lindsey v. Bell S. Telecomms., Inc., 943 So.2d 963, 964-66 (Fla. 4th DCA 2006); see also Vander Voort v. Universal Prop. & Cas. Ins. Co., 127 So.3d 536, 538 (Fla. 4th DCA 2012) (stating that “[a]n appellate court must examine the record in the light most favorable to the non-moving party” when reviewing an order granting summary judgment). “If material facts are at issue and the slightest doubt exists, summary judgment must be reversed.” Suker *518 v. White Family Ltd. P’ship, 193 So.3d 1028, 1029 (Fla. 4th DCA 2016) (quoting Aery v. Wallace Lincoln-Mercury, LLC, 118 So.3d 904, 910 (Fla. 4th DCA 2013)).
This case materialized following a car accident which occurred on the Florida Turnpike. Padilla testified during a deposition that he was driving within the posted speed limit surrounding a construction zone, and did not see any nearby cars on the road immediately before the accident occurred. He claimed that Schwartz’s car then appeared suddenly in front of him without warning, and though he applied the brakes, he was unable to avoid hitting the back left area of Schwartz’s vehicle.
Padilla subsequently filed a negligence action against Schwartz. When Schwartz moved for summary judgment, Padilla countered that there was evidence — albeit from his own sworn deposition testimony — that there was no car in front of him until Schwartz suddenly invaded his lane, which was more than sufficient evidence to rebut the presumption. After a hearing, the trial court granted Schwartz’s motion for summary judgment, finding that Padilla’s testimony was consistent with a finding that he was negligent, and thereafter rendered final judgment for Schwartz.
In Florida, “there is a rebuttable presumption of negligence that attaches to the rear driver in a rear-end motor vehicle collision case.” Birge v. Charron, 107 So.3d 350, 353 (Fla.2012). This presumption is “an evidentiary tool that facilitates a particular type of negligence case by filling an evidentiary void where the evidence is such that there is no relevant jury question on the issue of liability and causation.” Id. at 360-61.
The usefulness of the [rear-end collision] rule is obvious. A plaintiff ordinarily bears the burden of proof of all four elements of negligence — duty of care, breach of that duty, causation and damages. Yet, obtaining proof of two of those elements, breach and causation, is difficult when a plaintiff driver who has been rear-ended knows that the defendant driver rear-ended him but usually does not know why.
Jefferies v. Amery Leasing, Inc., 698 So.2d 368, 370-71 (Fla. 5th DCA 1997) (citations omitted).
The presumption, however, can be rebutted by evidence from which a jury could conclude that the front driver was negligent and comparatively at fault in the accident. Birge, 107 So.3d at 361 (“[W]here evidence is produced from which a jury could conclude that the front driver in a rear-end collision was negligent and comparatively at fault in bringing about the collision, the presumption is rebutted and the issues of disputed fact regarding negligence and causation should be submitted to the jury.”); see also McGill v. Perez, 59 So.3d 388, 390 (Fla. 2d DCA 2011) (“The presumption that the following driver in a motor vehicle accident is negligent can be rebutted when that driver ‘produces evidence which fairly and reasonably tends to show that the real fact is not as presumed.’ ” (quoting Gulle v. Boggs, 174 So.2d 26, 28-29 (Fla.1965))).
The Fifth District’s decision in Alford v. Cool Cargo Carriers, Inc., 936 So.2d 646 (Fla. 5th DCA 2006), is most analogous to the circumstances presented here. There, Alford was injured after the car in which he was riding was struck from behind. Id. at 648. Alford filed suit against the owner and driver of the rear car, who later moved for summary judgment arguing that a sudden lane change and low rate of speed by the driver of Alford’s vehicle “were the sole and proximate cause of the accident.” Id. at 649. Alford argued that the presumption of negligence attached, as the rear driver could not rebut the pre *519 sumption since he “admitted that he had not seen [Alford’s] vehicle until it started to enter the middle lane.” Id.
The trial court granted the rear driver’s motion for summary judgment based on its finding that the evidence sufficiently rebutted the rear-end presumption. Id. On appeal, the Fifth District agreed there was conflicting evidence as to whether the lane change was sudden and unexpected which was sufficient to rebut the presumption, and held that “summary judgment [was] improper and the case should [have been] submitted to the jury.” Id. at 650. The court also noted that there was a possibility that both parties were negligent, further rendering “summary judgment inappropriate.” Id. at 650-51.
Here, Padilla’s deposition testimony about what he observed prior to the accident constituted evidence regarding Schwartz’s vehicle and her manner of driving. Those statements established that Padilla was focused on the road ahead of him and did not look away, and that there were no cars directly in front of him until Schwartz’s car suddenly appeared. We find that his testimony that he did not see the other car until Schwartz invaded his lane sufficiently rebutted the rear-end presumption, and thus raised a factual question as to whether Schwartz suddenly changed lanes and contributed to the cause of the accident. Similar to the rear driver in Alford, Padilla claimed he did not see Schwartz’s car until she abruptly appeared in front of him, at which point he was unable to avoid the collision. 936 So.2d at 648-49.
Although Schwartz cites a number of cases involving rear-end collisions, they are distinguishable since none involved evidence of a sudden or unexpected maneuver by the front driver. See Dep’t of Highway Safety & Motor Vehicles v. Saleme, 963 So.2d 969, 977 (Fla. 3d DCA 2007) (“Saleme failed to present any evidence to support his claim that Trooper Lozano made a sudden lane change or unexpected lane change....”); Ortlieb v. Butts, 849 So.2d 1165, 1169 (Fla. 4th DCA 2003) (“The evidence does not show that Butts’ stop was sudden and unexpected.”); Toziler v. Jarvis, 469 So.2d 884, 885 (Fla. 4th DCA 1985) (“Jarvis could not testify, however, that he saw the vehicle in motion in any direction.”). The cases Schwartz relies on are also distinct in that they reviewed rulings on motions for directed verdict, while Alford and this case concern summary judgment. Compare Saleme, 963 So.2d at 970, Ortlieb, 849 So.2d at 1166, and Tozier, 469 So.2d at 885, with Alford, 936 So.2d at 648.
Under Alford, and considering the evidence in the light most favorable to Padilla, we find that Padilla sufficiently rebutted the presumption by showing through credible evidence that there was a genuine issue of material fact as to whether Schwartz contributed to causing the accident by suddenly changing lanes. Accordingly, summary judgment in favor of Schwartz was improper.

Reversed and Remanded.

CIKLIN, C.J., and CONNER J., concur.