IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SUSAN MARTINEZ,

            Appellant,

 v.                                                                    Case No.  5D16-795

ISAAC MARTINEZ,

            Appellee.

_____/

Opinion filed May 19, 2017

Appeal from the Circuit Court
for Flagler County,
Michael S. Orfinger, Judge.

David A. Maney, of Maney Damsker
Jones & Kuhlman, P.A., Tampa,
for Appellant.

Courtney M. Keller, I. William Spivey, II, and
Colin S. Baker, of Greenberg Traurig, P.A.,
Orlando, for Appellee.


PER CURIAM.

        Susan Martinez ("Susan") appeals the final summary judgment entered in favor of

her stepson, Isaac Martinez ("Isaac"), which effectively dismissed Isaac as a respondent

from the dissolution of marriage litigation between Susan and her husband, Jared

Martinez ("Jared").  For the following reasons, we reverse.

In November 2009, Susan filed her initial petition for dissolution of marriage in Seminole County. She voluntarily dismissed that action in February 2011, but refiled her petition one week later, this time in Flagler County, where it remains pending. In July 2012, Susan filed a two-count amended petition for dissolution of marriage, and in count two, she joined additional respondents,[1] including Isaac and various corporations that Jared formed during the marriage. Susan alleged that, among other things, Jared had been commingling the parties' marital assets with assets owned by Isaac and by the corporate respondents. Susan also asserted that Jared and Isaac were receiving distributions from these corporations, under the guise of "loans," in an effort by Jared to deplete the marital estate. Susan sought partition of the marital assets, recognition and equitable distribution of her interest in the corporations that Jared formed during the marriage, to have the court "claw" back and then equitably distribute to the spouses any marital assets previously transferred to the newly joined respondents, and injunctive relief.

In 2015, Susan amended her petition to add a third count.[2] Susan continued to assert that she had a "marital interest" in certain properties now held by these

---

[1] Susan referred to these respondents as "third-party defendants" in her pleading, but that was not technically correct. See Fla. Fam. L. R. P. 12.180 (providing that third-party respondents are joined to an action by the respondent, through the serving of a summons and third-party petition upon each third-party respondent, based on the respondent's claim that the third-party respondent is liable to the respondent for all or part of the petitioner's claim against the respondent); see also Fla. R. Civ. P. 1.180 (the counterpart rule governing third-party practice in general civil actions). Rather, Isaac and the corporate parties were technically joined as respondents pursuant to either Florida Family Law Rules of Procedure 12.210(a) or 12.250(c).

[2] The trial court had previously granted Isaac a summary judgment on Susan's claims for partition and injunctive relief.

respondents, who she alleged were involved in a plan with her husband to minimize or conceal Jared's net worth in an effort to defraud Susan from any interest in what she stated were millions of dollars of marital assets that Jared had transferred to these parties for little, if any, consideration. Susan asked that, among other things, the trial court identify all properties that should be classified as marital assets and, after making this determination, require the impleaded respondents to "account" for their receipt of these marital properties. Susan requested that the court then equitably distribute all marital assets between the spouses.

After the parties conducted some discovery, Isaac moved for final summary judgment. His argument was two-fold. Isaac first asserted that Susan pleaded no cognizable cause of action against him to entitle her to any relief, but that if she had pleaded an arguable claim under the "Uniform Fraudulent Transfers Act,"[3] it was barred by the applicable statute of limitations. Susan filed a memorandum in opposition to the motion. After each party filed their summary judgment evidence pursuant to Florida Family Law Rule of Procedure 12.510, the court held a hearing on Isaac's motion and entered the unelaborated final summary judgment in Isaac's favor now under review.

In a dissolution of marriage proceeding, section 61.075(1), Florida Statutes (2015), requires the trial court to equally distribute the marital assets and liabilities between the spouses unless there is a justification for an unequal distribution based on the factors listed in subparagraphs (a)-(j). Subparagraph (i) is pertinent to this appeal, providing that a spouse's "intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition[,] or within two years prior to the filing of the petition," *must* be

---

[3] Chapter 726, Florida Statutes.

considered by the court in distributing the marital assets. § 61.075(1)(i), Fla. Stat. (2015). Under this statute, if a spouse intentionally dissipates a marital asset, the trial court has the authority and discretion to assign the dissipated asset to the dissipating spouse as part of that spouse's equitable distribution. *Karimi v. Karimi*, 867 So. 2d 471, 475 (Fla. 5th DCA 2004) (citing *Bush v. Bush*, 824 So. 2d 293 (Fla. 4th DCA 2002); *Romano v. Romano*, 632 So. 2d 207 (Fla. 4th DCA 1994)).

Susan alleged that Jared's fraudulent dissipation of some of the marital assets to or through Isaac and the corporate respondents took place more than two years before her petition for dissolution of marriage was filed. In *Beers v. Beers*, 724 So. 2d 109, 115 (Fla. 5th DCA 1998), this court held that section 61.075(1)(i) did not operate as a two-year statute of limitations to bar one spouse's efforts to subject marital assets dissipated by the other spouse to equitable distribution. We determined that for cases of dissipation of marital assets occurring more than two years before the filing of the petition, section 61.075(1)(j), which permits a trial court to consider "any other factors necessary to do equity and justice between the parties," allows, but does not require, the court to consider the more remote dissipation of marital assets when equitably distributing the marital assets and marital liabilities to the spouses. *Beers*, 724 So. 2d at 114-15; *accord Amos v. Amos*, 99 So. 3d 979, 980 (Fla. 1st DCA 2012) (finding this court's analysis of remote dissipation in *Beers* to be persuasive). Thus, *Beers* provides Susan the ability to pursue Jared for his alleged remote dissipation of their marital assets.

Turning back to Isaac, we begin our analysis with the preliminary recognition that a dissolution action is an action in equity. *See* § 61.011, Fla. Stat. (2015) ("Proceedings

4

under this chapter are in chancery.").[4]  Under principles of equity, a trial court may determine whether a third person has acted with a spouse to deprive the other spouse of his or her share in the marital estate.  However, for the court to make a complete determination of the case before it, that person (Isaac) must be joined as a party to the action where, as here, the person is claiming an interest in the marital assets because "[i]n [a] dissolution action, the trial court does not have jurisdiction to adjudicate the rights of nonparties."  *Noormohamed v. Noormohamed*, 179 So. 3d 379, 380 (Fla. 5th DCA 2015) (second alteration in original) (quoting *Minsky v. Minsky*, 779 So. 2d 375, 377 (Fla. 2d DCA 2000)); *see also* Fla. Fam. L. R. P. 12.210(a) (providing that "[a]ny person may at any time be made a party if that person's presence is necessary or proper for a complete determination of the cause").

We reject Isaac's argument that summary judgment was properly entered because Susan did not sufficiently allege a cause of action against him.  We agree with the recent observation by the Michigan Court of Appeals that in cases where one spouse has allegedly acted in concert with a third person to dissipate the marital assets, "[t]here is no need to specify or enumerate a separate cause of action against the third party; instead, the action against the third party is incidental to the divorce."  *Cassidy v. Cassidy*, No. 328004, 2017 WL 104978 at *13 (Mich. Ct. App. Jan. 10, 2017).  Furthermore, because section 61.075(1)(j) gives the trial court the discretion to claw back marital assets that may have been remotely dissipated by Jared more than two years before Susan's dissolution of marriage petition was filed, it would then be anomalous to preclude the court

---

[4] Chancery is defined as "[a] court of equity; collectively, the courts of equity." *Chancery*, Black's Law Dictionary (10th ed. 2014).

5

from making a full and complete adjudication of the spouses' marital property rights to those dissipated assets by dismissing Isaac from the litigation based on his statute of limitations defense.

A final summary judgment, as entered in this case, "is proper only where the [issues of] fact[ ] are 'so crystalized' that nothing remains [for resolution] but questions of law." *McCabe v. Fla. Power & Light Co.*, 68 So. 3d 995, 997 (Fla. 4th DCA 2011) (quoting *Tolan v. Coviello*, 50 So. 3d 73, 74 (Fla. 4th DCA 2010)). "[I]f the record raises even the slightest doubt that [a genuine] issue [of material fact] might exist, summary judgment is improper." *Grisset v. Circle K Corp. of Tex.*, 593 So. 2d 291, 293 (Fla. 2d DCA 1992) (citing *Crandall v. Sw. Fla. Blood Bank, Inc.*, 581 So. 2d 593 (Fla. 2d DCA 1991); *Gomes v. Stevens*, 548 So. 2d 1163 (Fla. 2d DCA 1989)). In the present case, the record is by no means clear whether the trial court will exercise its discretion under section 61.075(1)(j) to consider assets allegedly remotely dissipated by Jared in order to make a complete determination of the cause to achieve equity and justice between the spouses. If, after receiving evidence and argument at trial, the court elects to exercise its discretion and distributes remotely dissipated assets in its equitable distribution of the marital assets and marital liabilities to Susan and Jared, then those parties whose property rights would be affected by the distribution (such as Isaac) are indispensable to the complete adjudication of the case.

Accordingly, the final summary judgment entered in favor of Isaac is reversed, and this matter is remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.

COHEN, C.J., SAWAYA and LAMBERT, JJ., concur.