IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ORLANDO PEREZ,

      Appellant,

 v.                                      Case No.  5D16-4096

DIANA NAVARRO PEREZ,

      Appellee.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Orange County,
Bob Leblanc, Judge.

Clifford J. Geismar, of The Law Office Of
Clifford J Geismar, PA, Winter Park, for
Appellant.

Barry Rigby, of Law Offices of Barry Rigby,
PA, Orlando, for Appellee.

PER CURIAM.

Orlando Perez ("Husband") claims that the trial court erred in its distribution of

marital assets and alimony determination set forth in the final judgment dissolving the

parties' marriage.  We agree and remand for further proceedings.

During their twenty-three-year marriage, the parties jointly owned several pieces

of real estate.  Prior to their separation, they executed warranty deeds in which they

conveyed their interests in four properties to their two adult sons.  They retained title to a

house in Marco Island, a condominium unit in Naples, Florida, and an apartment in Colombia. During an earlier part of their marriage, Husband worked as an architect, but in more recent years, he became a security guard. Diana Navarro Perez ("Wife") was primarily a stay-at-home mother, although from time to time she earned minimum wage working odd jobs.

Wife filed her petition for dissolution of marriage on June 12, 2012, in which she requested permanent alimony and sought equitable distribution of their marital assets. In her petition, she joined their sons as third-party defendants, claiming that Husband and the sons had engaged in a fraudulent scheme to divest her of her rightful share of those properties. Wife's petition included requests to reform the deeds or to declare a constructive trust so that the properties they had deeded to their sons could be returned to the marital estate for equitable distribution. Husband's motion to dismiss Wife's claims for reformation of the deeds and declaration of a constructive trust was granted, as was his motion to dismiss their sons from the dissolution proceedings.

A trial was held during which Husband, Wife, and one of their sons testified. Husband testified that they deeded the properties in question to their sons in keeping with an alleged Colombian custom of parents providing for their children. Husband claims that he and Wife discussed that concept repeatedly throughout their marriage. Wife acknowledged that she signed the deeds with the intent of conveying the properties to their sons, but she understood that it was to safeguard the properties from later spouses.

The trial court asked the testifying son whether he would return the properties to his parents if they needed money, and the son agreed that he would. For some reason, the trial court misunderstood that testimony, and later relied upon an incorrect recollection

2

that the son had testified that he would give the property back to Husband but not to Wife in case of financial need.

Nearly eleven months post-trial, the court entered its final judgment dissolving the marriage and awarding Wife $1750 as permanent periodic alimony. The distribution of marital assets included the properties or the value of the properties that the couple previously deeded to their sons. The court awarded Husband the house in Marco Island, along with two of the properties deeded to their sons. The court awarded Wife the apartment in Colombia and the condominium in Naples, as well as one vacant lot that the parties deeded to their sons. The final judgment ordered the sale of a piece of property in Tennessee with the proceeds split equally between the parties, despite stating that the "Court is mindful that neither party may force the sale of the Sevier County, Tennessee vacant lot since the parties' adult children in fact own it."

Regarding the alimony award, the court did not explain how it calculated the $1750 amount. "Although the trial court has considerable discretion in determining an award of alimony, that discretion is not unlimited." *Motie v. Motie*, 132 So. 3d 1210, 1213 (Fla. 5th DCA 2014). Likewise, the final judgment does not explain what income the trial court attributed to Husband. A "party's ability to pay alimony should be based on the party's net income; not gross income." *Gilliard v. Gilliard*, 162 So. 3d 1147, 1154 (Fla. 5th DCA 2015) (citing *Kingsbury v. Kingsbury*, 116 So. 3d 473, 474 (Fla. 1st DCA 2013)). Given the length of the parties' marriage, an award of permanent periodic alimony to Wife may be appropriate. However, we reverse and remand the alimony award with instructions for the trial court to either state its specific findings that demonstrate Wife has a need for $1750 per month and that Husband has the ability to pay that amount or to recalculate

3

the alimony based upon the trial court's written findings of Wife's need and Husband's ability to pay.

We reverse the equitable distribution of marital assets set forth in the final judgment because it is not supported by competent, substantial evidence. The trial court "awarded" each spouse some of the property that they had jointly deeded to their sons. "Section 61.075(6), Florida Statutes (2003), provides a bright line rule for setting the date to be used in determining the marital classification of assets and liabilities. If there is no valid separation agreement, the cut-off date is 'the date of the filing of the petition for dissolution of marriage.'" *Rao-Nagineni v. Rao*, 895 So. 2d 1160, 1161 (Fla. 4th DCA 2005) (quoting *Caruso v. Caruso*, 814 So. 2d 498, 502 (Fla. 4th DCA 2002)). There was no separation agreement here; thus, the trial court should have looked to what the parties owned when the petition was filed unless it makes written findings as to a factual and legal basis to do otherwise.

"Absent an agreement, a nonmarital asset may not be awarded to the non-owner spouse as equitable distribution." *Mitchell v. Mitchell*, 841 So. 3d 564, 567 (Fla. 2d DCA 2003). Here, the distribution ordered in the final judgment included non-marital assets, i.e., the property jointly deeded to the sons. The trial court awarded more highly valued non-marital assets to Husband than to Wife; thus, Husband received a lower actual distribution than Wife. It is clear that the trial court lacked jurisdiction under the then-current pleadings and record evidence to compel the non-party sons to return any of the properties to either Husband or Wife. *See Martinez v. Martinez*, 219 So. 3d 259, 262 (Fla. 5th DCA 2017). Thus, the trial court's attempted redistribution of the sons' property to the parents cannot be upheld.

Even if the trial court simply considered the value of the property deeded to the sons when arriving at its equitable distribution, it erred because it made no finding of fraud, waste, or dissipation on the part of Husband. *See Roth v. Roth*, 973 So. 2d 580, 585 (Fla. 2d DCA 2008) ("[T]he trial court must make a specific finding that the dissipation resulted from intentional misconduct."). While the parties testified to having different reasons for why they deeded properties to their adult sons, it was undisputed that they both executed the deeds for the purpose of transferring those properties. Furthermore, the trial court's concern that Husband somehow controlled the property deeded to the sons and could force them to give it back to Husband is not supported by competent, substantial evidence; it is based on the trial court's misunderstanding and inaccurate recollection of the son's testimony. Now that there is a transcript of the testimony, the trial court can reconsider that point.

The trial court acknowledged it lacked jurisdiction to force the sale of the Tennessee property because the parties deeded it to their sons; thus, that portion of the final judgment is also reversed.

We affirm the dissolution of marriage. The trial court's award of $1750 per month as permanent periodic alimony is reversed with instructions for the trial court to consider and make specific findings on whether Wife has a demonstrated need for, and whether Husband has the ability to pay, such an award. We reverse and remand the distribution of marital assets and instruct the trial court on remand to make an equal distribution unless it gives specifically stated reasons for an uneven distribution. We further instruct the trial court to limit its consideration to assets owned by the parties at the time the petition was filed unless it makes specific findings, supported by the record and the law,

5

that justify consideration of the value of any non-marital assets, such as the property deeded to the parties' sons. We reverse that portion of the final judgment ordering the sale of the sons' Tennessee property for the reasons stated above. On remand, the trial court can rely on the record evidence or take additional evidence and conduct such hearings as it might deem appropriate as part of its further proceedings that are consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

EVANDER, EDWARDS and EISNAUGLE, JJ., concur.