NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PETER M. BLAKELEY and AMY
BLAKELEY,

       Appellants,

v.

MICHAEL T. LIVORSI, individually and
as Trustee of the MICHAEL T.
LIVORSI AND NELDA J. LIVORSI
REVOCABLE LIVING TRUST DATED
05/24/99; MICHAEL LIVORSI,
individually and as Trustee of the
MICHAEL LIVORSI REVOCABLE
LIVING TRUST DATED 04/22/03;
JIM AGLES; and REALTY TEAM OF
LEE COUNTY, INC., a Florida
corporation D/B/A RE/MAX REALTY
TEAM,

       Appellees.

Case No. 2D17-3782
      2D17-4165

CONSOLIDATED

Opinion filed May 8, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County; John
E. Duryea, Jr., Judge.

P. Brandon Perkins of Rogers Towers, P.A.,
Ft. Lauderdale, for Appellants.

Theodore L. Tripp, Jr., and Joel W.
Hyatt of Hahn Loeser & Parks LLP,
Fort Myers, for Appellee Jim Agles.

No appearance for remaining Appellees.

KELLY, Judge.

Peter and Amy Blakeley challenge the final summary judgment entered in favor of Jim Agles, the real estate agent and property manager who represented the seller in a real estate transaction with the Blakeleys.[1] Because genuine issues of material fact remain in dispute with regard to whether Mr. Agles had knowledge of material defects in the home at the time of the sale and breached his duty to disclose them to the Blakeleys, we reverse and remand for further proceedings.

We review an order granting final summary judgment de novo. See Volusia Cty. V. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). If the evidence raises the slightest doubt on any issue of material fact, if it is conflicting, or if it will permit different reasonable inferences, summary judgment is improper. Grimes v. Lottes, 241 So. 3d 892, 896 (Fla. 2d DCA 2018). Summary judgment should only be granted "where the facts are 'so crystalized' that nothing remains but questions of law." Ventana Condo. Ass'n, Inc. v. Chancey Design P'ship, Inc., 203 So. 3d 175, 183 (Fla. 2d DCA 2016) (quoting McCabe v. Fla. Power & Light Co., 68 So. 3d 995, 997 (Fla. 4th DCA 2011)). Because the facts of this case are not "so crystallized" such that nothing remains but questions of law, we reverse and remand for further proceedings.

_____

[1]Case number 2D17-4165 is an appeal from the final summary judgment granted as to count V of the Blakeleys' second-amended complaint and from the order denying the Blakeleys' motion for rehearing. Case number 2D17-3782 is a separately-filed appeal from the Blakeleys' Amended Motion to Vacate Order on Motion for Summary Judgment. We consolidate these appeals for purposes of this opinion.

Reversed and remanded.


LaROSE, C.J. and BLACK, JJ., Concur.